**328. COURT OF APPEALS.**
See 1195. Trials by Jury. Taylor v. Schlicter, OS. 6 Abs. 159.
See 681. Jurisdiction. Flury v. Cent. Pub. Co. House, OS. 6 Abs. 158.

**333. CRIMINAL LAW.**
See 629. Indictment. Bates v. State, OA. 6 Abs. 146.

**367. DEEDS.**
See 389. Descent of Distribution. Lee et v. Fike, OA. 6 Abs. 151.

**384. DEMURRER.**
American Nat. Co. v. Thompson Spot Welder Co., OA. 6 Abs. 154.
See 923. Pleadings. Nunn v. Boal, OA. 6 Abs. 148.

**389. DESCENT OF DISTRIBUTION.**
Lee et v. Fike, OA. 6 Abs. 151.

**396. DIRECTED VERDICTS.**
Sheppard et v. Perry Co. Bd. Comm., OA. 6 Abs. 153.
See 681. Jurisdiction. Flury v. Cent. Pub. House, OS. 6 Abs. 158.

**465. ERROR.**
See 480. Evidence. Painesville Utopia Theatre Co. v. Lautermilch, OS. 6 Abs. 158.

**480. EVIDENCE.**
Painesville Utopia Theatre Co. v. Lautermilch, OS. 6 Abs. 158.

**513. FALSE REPRESENTATIONS.**
Am. Nat. Co. v. Thompson Spot Welder Co., OA. 6 Abs. 154.

**537. FISHING.**
See 1261. Water and Water Courses. East Bay Sporting Club v. Miller et. OS. 6 Abs. 159.

**542. FORECLOSURE.**
Un. Cent. Life Ins. Co. v. DeRan et, OA. 6 Abs. 152.

**629. INDICTMENT.**
Bates v. State, OA. 6 Abs. 146.

**639. INJUNCTION.**
Hassinger et v. Kramer et, OA. 6 Abs. 153.

**661. INTOXICATING LIQUOR.**
Parker v. State, OA. 6 Abs. 149.

**677. JUDGMENTS.**
See 1195. Trials by Jury. Taylor v. Schlicter, OS. 6 Abs. 159.
See 681. Jurisdiction. Flury v. Cent. Pub. House, OS. 6 Abs. 158.

**681. JURISDICTION.**
Flury v. Cent. Pub. House, OS. 6 Abs. 158.

**683. JURY.**
See 480. Evidence. Painesville Utopia Theatre Co. v. Lautermilch, OS. 6 Abs. 158.

**755. MECHANICS' LIENS.**
Square Lumber Co. v. Goldman, OA. 6 Abs. 155.

**787. MORTGAGES.**
See 755. Mechanics' Liens. Square Lumber Co. v. Goldman, OA. 6 Abs. 155.
See 542. Foreclosure. Un. Cent. Life Ins. Co. v. DeRan, et, OA. 6 Abs. 152.

**801. MUNICIPAL LAW.**
Solomon v. City of Cleveland, OA. 6 Abs. 156.

**829. NEGLIGENCE.**
Flury v. Cent. Pub. House, OS. 6 Abs. 158. (See also 681. Jurisdiction.)

(Continued on Page 159)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### BATES v. STATE

Ohio Appeals, 5th Dist., Knox Co.

No. 258.   Decided Nov· 22, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**629. INDICTMENT—333.   Criminal Law.**

Policy of Courts, in Ohio, to permit wide discretion in matter of requiring election, by State, between different courts in indictment.

**964. PROSTITUTION—118.   Automobiles.**

Where accused is charged, under 13031-13-14-15-16 and 17 GC., with maintaining and operating automobile for purpose of prostitution, not necessary to prove sexual relations with more than one person.

Error to Common Pleas.
Judgment affirmed.

L. C. Stillwell, Mt. Vernon, for Bates.
Jay S. McDevitt, Pros. Atty., Mt. Vernon, for State.

### STATEMENT OF FACTS.

The proceeding in the lower court was based on an indictment which contained three counts.

This indictment was returned under favor of 13031-13-14-15-16 and 17 GC. and charged the defendant; Clayton Bates, with unlawfully maintaining and operating an automobile for the purpose of prostitution.

The first count charges the offense on or about March 1, 1926, the second count charges the same offense on or about March 15, 1926, and the third count, on or about Sept 18, 1926.

The jury returned a verdict of gulity, against the accused, on all three of the counts in the indictment; and the trial judge sentenced Bates—as of the second degree—to nine months imprisonment in the Ohio penitentiary.

After the state had offered its evidence and rested, counsel for the defendant requested the court to have the jury retire from the court room, which was done.

Counsel for accused then moved to require the State to elect on which of the three counts, in the indictment, they relied for conviction, and also for a directed verdict of acquittal, both of which motions were overruled and exceptions noted·

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HOUCK, J.

It will be observed that the accused did not testify and he offered no evidence in his defense. Therefore, all of the proper, competent and legal evidence presented by the State, in the trial stood uncontradicted and undisputed.

Counsel for plaintiff in error relies upon two grounds for a reversal of the judgment of conviction against his client, to-wit:

(1) That the trial judge committed prejudicial error, after the state had rested its case, in not sustaining the motion to require the state to elect upon which count in the indictment it would rely for a conviction.

(2) That the evidence in the case, in the light of the construction placed by counsel for plaintiff in error on the statute under which the accused was indicted and convicted, is insufficient to warrant a conviction.

The indictment, in each and all of the counts, avers that the accused on or about the time stated therein "did unlawfully maintain and operate a conveyance, to-wit, an automobile for the purpose of prostitution."

Section 13031-16 General Code reads:
(Here follows quotation of this section.)

Not only did the testimony of Catherine Veatch, the prosecuting witness, show that the crime had been committed on the dates named in the indictment but it also showed that the said Catherine Veatch had had sexual intercourse with Clayton Bates on many other occasions prior to the dates named in the indictment, all of which dates were within a period of one year next preceding the date named in the indictment.

In this jurisdiction the rule seems to be well fixed as follows:

"Where an indictment charges two offenses, arising out of distinct and separate transactions, the court trying the cause, may require the prosecutor to elect upon which charge he will proceed; but the action of the court, in this respect, being a matter of discretion, can furnish no ground for a writ of error."

"Several distinct offenses may be joined in different counts in the same indictment, as a general rule, either where they arise out of, and are connected with, the same transaction, or where they are connected by the same subject matter." Bailey v. The State of Ohio, 4 OS. page 441.

The policy of our courts seems to be to permit a somewhat wide discretion in the matter of requiring election, by the State, between different counts in an indictment.

Learned counsel for Bates has cited and relies upon the case of Bainbridge v. State, 30 Ohio State, page 264. We have examined this decision and in our judgment it has no application to the instant case, because the question determined in the cited case arose from an indictment containing only one count and the evidence seemed to indicate or point to two or more offenses.

The second claimed error is raised by counsel for Bates on the refusal of the trial judge to charge the jury as follows: ·

"Before you can return a verdict finding the defendant guilty, you must find that he operated this conveyance or automobile and had sexual relations with some other person other than the prosecuting witness, Catherine Veatch."

The trial judge in substance charged the jury as follows:

Section 13031-14 General Code reads:
"The term prostitution shall be construed to include the offering or receiving of the body for sexual intercourse for hire, and, shall also be construed to include the offering or receiving of the body for indiscriminate sexual intercourse without hire. * * * *"

It is urged by counsel for plaintiff in error that the word "indiscriminate" as used in said statute means that the defendant below could not be found guilty under this statute as the proof did not show that he had had such relations indiscriminately with other persons other than the prosecuting witness, Catherine Veatch. If that be the correct interpretation of the language used in this statute it would make the provisions thereof meaningless and thereby thwart the intent and purpose of the law making body that enacted it. In other words, it would defeat and set aside the operation of these statutory provisions, which define the crime and fix its punishment for operating a conveyance, etc., for the purpose of prostitution.

The only question here is the legal force and effect of the word "indiscriminate." The leading dictionaries define the word indiscriminate as follows: "Showing no discrimination;" "undistinguishing;" "not choosing carefully," etc.

The conceded fact is and it stands undenied and unchallenged by the accused or any other person or persons that Bates on many occasions, in his automobile, at and near times alleged in the indictment, used the body of the prosecuting witness, for sexual intercourse without hire: and we find and hold under the stautes of Ohio, the record facts and the rules of law herein laid down, that such was and is a criminal act and in violation of the provisions of the General Code of Ohio as herein cited.

It clearly appears, from a reading of the record, that the plaintiff in error was ably defended by counsel; that the trial judge guarded with care in the admission and exclusion of evidence and in his charge to the jury every legal right of the accused and that he had a fair and impartial trial. Hence, we find and hold the conviction is responsive to the facts and law and the jury did only its legal duty when it returned a verdict of gulity. Further comment appears to be unnecessary, except to say that those who violate our criminal statutes must and should atone to the offended law.

(Shields and Lemert, JJ., concur.)