### DAVIES v MARSHALL, Admrx

Ohio Appeals, 2nd Dist, Franklin Co

No 2177. Decided April 30, 1932

Clarence M. Addison, Columbus, and L. M. Sandals, Columbus, for plaintiff in error.

Wilbur Benoy, Columbus, and Lee E. Joslyn, for defendant in error.

**HORNBECK, J.**

Five grounds of error are set forth in the brief of defendant under the following captions:

I. The court erred in introducing grounds for recovery not proven or alleged and in charging thereon.

II. The court erred in charging that a violation of §§6310-17 and 6310-18, GC was negligence per se.

III. The court erred in charging contributory negligence.

IV. The court erred in charging that violation of §12603, GC, was negligence per se.

V. The court erred in charging on "commercial cars."

We will consider the grounds set up in the order presented and discuss such of the facts appearing in the record as is necessary to a consideration of the questions of law raised. The negligence averred against the defendant was that the agent of defendant driving a truck of defendant northwardly on State Road No. 23 collided with an Essex automobile being driven southwardly on said road by Lyle A. Marshall, plaintiff's decedent. 1. Negligently driving at a rate of speed not less than 45 miles per hour. 2. In operating the said truck on the left hand or west side of the highway and directly in the path of the approaching Essex Coach and not keeping said truck to his right side of the road. The defense was a general denial and a claim that defendant's car, after passing a truck moving in the same direction and while yet on the left side of the road skidded unavoidably thus causing the collision. It will be noted that the allegations of the petition bring into operation and charge violation of §6310-17, GC, (**Quaere**—§6310-18, GC), and the speed statutes applicable,

either §§12603 or 7249, GC.

It is claimed that the court introduced into its general charge a specification of negligence which did not appear in the petition. We do not so read the charge. The part thereof pertinent is found at page 113 which follows the statement of the court of those statutes, §§6310-17 and 6310-18, GC, which the plaintiff alleged had been violated, in this language:

"Now these sections of the statute, members of the jury, are statutes passed and in force under penalty intended for the protection of the public safety and it is the duty of drivers on highways to comply with them. A violation of such section is negligence."

The court here was specifically referring to so much of §§6310-17 and 6310-18 GC, as had been expressly invoked by the plaintiff in the allegations of her petition. Then follows the explanation of the court of the application of §6310-17, GC, as contended for by the defendant and in which he said to the jurors that they should determine whether or not the defendant's agent came within the exception of the statute, namely, was he brought over to the left hand side of the road by the necessity of passing the Kroger truck moving in the same direction.

We are of opinion that there are sufficient allegations in the petition to justify the trial court in charging under §6310-18, GC. It is alleged that the automobile of plaintiff's decedent and the automobile of defendant's agent were being driven in opposite directions on the same highway and that they came together in a head-on collision, by reason of the fact that defendant's agent was driving on his west side or left hand side of the road. It is obvious that when these automobiles collided head on the defendant's agent had reached a place where, accepting the averment of the petition as true, he should have been driving around the car of plaintiff's decedent and to the right thereof as required by §6310-18 GC. We are not in accord with the contention that §6310-17, GC, relates only to a situation where one vehicle is passing another on the thoroughfare. The first few words thereof have significance and application, without consideration of the remaining portion of the statute, namely, "Vehicles shall keep to the right side of the road or highway * * *."

Sec 6310-18, GC could have enjoined no further obligation upon the driver of defendant's car in the facts in the instant case than §6310-17, GC, because he was required to keep to his right of the road unless coming within the exception of §6310-17 GC. As the court explained to the jury the defendant's right under the exception, there could have been no prejudice in the reference which he made to §6310-18, GC.

It is next claimed that §6310-17, GC, and §6310-18, GC, are right of way statutes and that the court in charging them violated the principle laid down in the case of Heidle v Baldwin, 118 Oh St, 375. We believe they are specific requirement statutes and are content to follow the decisions in Railroad Company v Kunzic, 26 Oh Ap, 275 and 27 Oh Ap, 47 (5 Abs 580), and Johnson v Thompson, 35 Oh Ap, 91, which hold that a violation of §§6310-17 and 6310-18, GC is negligence per se.

The third ground of error claimed is that the court put the burden of proof on the defense of contributory negligence upon the defendant without according to him the advantage of any evidence on that subject which may have been produced by the plaintiff.

An examination of the court's charge does not justify the contention that he established the rule as claimed by defendant.

The court at page 108 of the general charge stated upon whom the burden of proof rested and to what extent, using this language:

"If plaintiff has proved the elements of the case as outlined to you, then the defendant may still escape by proving by a preponderance of the evidence that the plaintiff's decedent was guilty of negligence which contributed directly in any degree to produce the death of the decedent. And the duty is upon the defendant to prove contributory negligence if he would still escape, unless the plaintiff's own evidence raises an inference of his own contributory negligence or the contributory negligence of her decedent, I should say, in which case it is the plaintiff's duty to counterbalance that inference before she rests her case."

This is the law as we understand it as laid down in Tresise v Ashdown, 118 Oh St, 307. The further statement of the court at the top of page 109 is but a reiteration of that part of the charge, heretofore quoted, in somewhat different phraseology.

The next ground of error assigned is that the court erred in charging that a violation of §7249, GC, was negligence per se. The court submitted to the jury the determination whether or not this section had been

284

violated and said to them, explaining its terms, if it had that such violation was negligence. We understand that violation of §12603, GC, has without exception in the trial courts of Ohio been considered to be negligence. It is true that the second amended petition upon which plaintiff went to trial did not charge operative facts other than the rate of speed, proof of which is prima facie evidence of violation of the section, but this amendment was required upon motion of defendant to the petition which had charged that defendant operated his truck at a speed greater than was reasonable and proper and without regard for the safety and rights of the drivers and occupants of the highway and so as to endanger the life, limb and property of plaintiff's decedent. Of course, it may or may not be a violation of §12603, GC, to drive at a rate of speed of 45 miles per hour, but the jury is to determine that question by applying all of the provisions of the section to a determination of the ultimate question, namely, was the driving at a greater rate of speed than was reasonable and proper. We are not favored with Judge Darby's decision cited by defendant, but see no conflict with our conclusion in the cases of **State v Schaeffer**, 96 Oh St, 215, and **State v Blair**, 24 Oh Ap 413 (6 Abs 58) upon which it is stated judge Darby relied.

The final error asserted is that the plaintiff made no allegation that plaintiff in error was operating a "commercial car;" that, therefore, the court erred in charging under §7249, GC and further that such section has no application because it is intended to prevent excessive loads on highways and is not a safety measure directed against an excessive rate of speed. The allegation of the second amended petition is that the defendant by his agent, one Albert Denton, was driving a truck northwardly on said highway. The evidence offered without objection or exception developed the fact that this truck was at the time of the collision on a return trip from a delivery of products of defendant and that it weighed 6200 pounds. Upon this state of the record we find no prejudicial error in the charge under §7249, GC, and further, we are of opinion that this section, employing the same language in great part as §12603, GC, is analagous to it, is intended as a safety measure, is a speed statute and a violation thereof like the violation of §12603, GC, is negligence.

A careful consideration of the general charge of the court in its entirety is convincing that it is a fair and correct pre-

sentation of the law of the case upon the issues and the evidence.

The judgment of the trial court will be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.