## VETEL v MEIKLEJOHN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2173.   Decided July 8, 1932

Carl A. Valentine, Columbus, and Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff in error.

Thomas H. Clark, Columbus, for defendant in error.

568

HORNBECK, J.

The errors urged in the oral argument and brief of counsel for the defendant are three, which we will consider briefy in the order in which they were presented.

First, "That the court erred in overruling the defendant's motion to direct a verdict in his favor, made at the conclusion of the introduction of plaintiff's evidence, and again at the conclusion of all the evidence."

Second, "That the verdict is manifestly against the weight of the evidence and contrary to law."

A reading of the record is convincing that no error was committed by the trial court in its action in either of the matters to which objection is urged in the first and second grounds heretofore stated. There was convincing testimony, if true, and the jury had a right to believe it, to the effect that defendant's driver was negligent, either in entering the intersection against the red light or in failing to exercise due care after he got into the intersection, and the jury likewise could have determined that no inference should be drawn against the plaintiff of his contributory negligence at the conclusion of his case, and that none was to be found from a fair consideration of all the evidence.

The court carefully presented to the jury the respective theories of the parties, and upon the facts the jury could have found against the plaintiff. Having elected to return its verdict for the plaintiff it does not appear that it is manifestly against the weight of the evidence or contrary to law.

There is considerable confusion to be found in the record respecting the meaning of "intersection" as applied to Broad Street and Fifth Street, caused largely by the added parkway and driveway to either side of the main driveway in Broad Street. Because of this confusion, some of the witnesses were perturbed, and their statements on direct examination may have been weakened considerably on cross examination. However, there is strong support for the claim, first, that the driver of the truck crossed the lot line of the south side of East Broad Street projected across Fifth Street when the light was against him, and that he sounded his horn as he approached this intersection. It is true that one witness for the plaintiff fixed the sounding of the horn at the time when the driver of the truck must have been well into the intersection. But these inconsistencies are inevitable in the trial of lawsuits where witnesses are called upon to describe collisions which occur unexpectedly and are over in a very short time.

The third ground of error asserted is "That the court erred in the general charge to the jury." The first specification thereof is that the charge was incorrect and prejudicial respecting the burden upon the plaintiff to show the agency of the driver of the truck and that he was acting at the time of the accident for his master and in the furtherance of the master's business.

An examination of the record discloses that this claim is not well made for the reason that, by stipulation of counsel for

the defendant, at pages 91 and 92 of the record, the court could have said to the jury that there was no issue drawn upon the question of the agency of the driver of the car; that he was employed by the defendant and acting for and on behalf of him at the time of the accident. Then too, the proof at page 119 is conclusive on the question of agency, and is undisputed.

It is next asserted that the court in the charge on contributory negligence failed to enjoin upon the plaintiff the necessity of the duty of removing the presumption of contributory negligence that might arise from his own testimony.

We do not so view the charge of the court.

There is no presumption of negligence against the plaintiff, and if upon the testimony adduced in his behalf there arises an inference or suggestion of his contributory negligence then he only is put to the necessity of counterbalancing the weight of this inference to again be free from the imputation of contributory negligence. That is the extent of the burden, which is upon him. Otherwise the burden of proving contributory negligence is upon the defendant where the trial court placed it.

The court recognized the obligation on the plaintiff and properly charged it under the law as enunciated in **Tresise v Ashdown, 118 Oh St, 309.** We see no conflict between the charge of the court as given and the case cited by counsel for defendant, namely, **Maddex v Columber, 114 Oh St 178.**

Finally, it is asserted that the court erred in charging the law under §12603, GC, in that he said to the jury "that the real test is that contained in the first words of the statute, viz, that portion of the statute which says that it is an offense to operate an automobile at a rate of speed greater or less than is reasonable and proper.

As we understand this statute, and have many times held, the court properly set forth the gravamen of this section of the statute.

As was stated in an opinion released by this court in the cases of Baker v Wright et, of date June 30th, 1932, referring to this same section, "The gist of the offense defined in this statute is the driving of an automobile at a rate of speed faster or slower than is reasonable and proper. The rate of speed is but one element to be taken into consideration. In this case Mr. Wright may have been flagrantly violating the section although he was driving only 30 miles per hour."

A fair consideration of all the errors urged by the defendant fails to disclose that any error intervened which can be said to be manifestly prejudicial to the defendant.

The judgment will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.