## O'MALLEY v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1159. Decided Jan 26, 1933

Strother Jackson, Dayton, for plaintiff in error.

Calvin Crawford, Prosecuting Attorney, Dayton, and James C. Baggott, Ass't Prosecuting Attorney, Dayton, for defendant in error.

ALLREAD, PJ.

No briefs have been filed upon either side of the case.

We have however carefully examined the record. We find that the place where the accident occurred is at or near a bridge over the highway approached from either side by a considerable decline in the road. The car approaching from the south was a Nash sedan driven by William Baker. He claims in his testimony that it was being driven at from 25 to 30 miles per hour. He approached the bridge across the highway when the accident occurred. From the opposite direction there was a Buick driven by Walter H. Wasson. This car was coming down the road from Dayton and followed by an ambulance driven by O'Malley. In the ambulance there was another passenger on the seat with O'Malley and a lady passenger in the rear. According to the testimony offered by the State the ambulance, as it passed down the decline, was trying to pass the car driven by Wasson. Wasson testifies that he was not certain as to what progress the driver of the ambulance was making in attempting to pass

him. In his testimony he says that the ambulance was either alongside of him or in the rear, but at the time of the accident he says that the ambulance was alongside of his car. All the other witnesses for the State testify that the ambulance was alongside the car driven by Wasson at the time of the accident. The bridge where the accident occurred was a two-lane bridge, that is, capable of allowing two cars to pass side by side. The Baker car, having reached the bridge coming from the south, and observing two cars coming from the opposite direction, there was no place for him to go and he struck the pier of the bridge, which pivoted his car around in the way of the other two cars. The Baker car was struck both by the Buick and the ambulance. Jack Baker who occupied the Baker car was instantly killed, and the others were injured. O'Malley as the driver of the ambulance was charged with and convicted of the offense of unlawful driving.

The great bulk of the witnesses testified that O'Malley was driving at an unlawful, reckless rate and was forcing his car ahead into the narrow opening between the abutments and side walls of the bridge. We think the conviction is not contrary to the weight of the evidence and should stand. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.