**SPRINGFIELD (city) v HANLON**

Ohio Appeals, 2nd Dist, Clark Co.

No. 408. Decided Nov. 24, 1939.

Aaron J. Halloran, Springfield, for defendant-appellant.

H. W. Snodgrass, City Solicitor, Springfield, for plaintiff-appellee.

## OPINION

By HORNBECK, PJ.

Defendant, in the Municipal Court of the City of Springfield, was convicted and sentenced for the offense of recklessly and negligently operating his automobile within the city limits. An appeal on questions of law is prosecuted.

The affidavit, insofar as pertinent to the question presented, charges that defendant did operate upon West Main Street, a public street in the City of Springfield, an automobile, and did then and there recklessly and negligently operate at a speed so as to endanger the life, limb and property of a person, contrary to an ordinance of said city in such cases made and provided.

The evidence is presented in this court by an agreed statement of facts which in substance discloses that two police officers testified that at two o'clock in the morning of July __, 1939, they trailed the defendant westwardly along West Main Street in the City of Springfield for a distance of six blocks, and that he was moving at a rate of speed of forty-five miles per hour; that it was a clear dry night; that the only traffic in the street for the distance that the officers trailed defendant's automobile were from two to five automobiles, moving eastwardly or in the opposite direction of defendant; that Main Street is a main highway, and that no circumstances other than the speed of the automobile of the defendant was involved in the arrest.

Defendant testified that he was driving a new automobile in excellent mechanical condition; that his car was under perfect control; that he was not driving in excess of thirty-five miles per hour; that there was no traffic of pedestrians on the street, and only one other automobile.

It is further stipulated—

"Upon these facts the court commented that '35 miles per hour was the speed limit that he was going to enforce in Springfield' and found the defendant 'Guilty'."

It will be observed that the affidavit charges reckless and negligent operation at a speed so as to endanger the life, limb and property of a person.

We have secured a copy of Ordinance No. 3761, passed October 4, 1937, upon which we presume the charge in this case is predicated. If so, we find no offense defined such as reckless and negligent operation of an automobile or of its operation so as to endanger the life, limb and property of a person. §12603-1 GC, does make it an offense to drive an automobile without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehcles, and so as to endanger the life, limb or property of any persons while in the lawful use of roads or highways. The ordinance, in its germane parts, follows §12603, which we

hereinafter discuss. If it was intended to charge a violation of the speed provisions of Ordinance No. 3761, there should have been some designation of a rate of speed which was prima facie unlawful.

It fairly appears from the facts in the most favorable light to the city that the only basis upon which the defendant could have been found guilty was because of the speed at which he was driving. No evidence of recklessness in his driving appears. He was on his own side of the street, was not weaving about in movement, was maintaining a look-out insofar as the record discloses. There was nothing to interrupt his progress. All of the automobiles on the street were moving in the opposite direction and it may be assumed, on their side of the road. There is nothing to indicate that he was jeoparding life, limb or property. We have held times without number that §12603 GC, is not violated by proof of speed alone, although, rates of speed are fixed which are prima facie lawful. The specific question was passed on by this court in **Schmidt v Kinney, 19 Abs 52,** which involved the operation of an automobile outside a municipality where the prima facie lawful rate of speed is forty-five miles per hour.

"1. An instruction based on §12603 GC that a rate of speed greater than 45 miles per hour outside of a municipality is negligence per se is prejudicial error."

2. Under §12603 GC the operation of an automobile outside of a municipality at a rate of speed of more than 45 miles per hour is not negligence per se but is only prima facie evidence of an unlawful rate of speed."

In Baker v Wright, unreported, decided by this court on June 20, 1932, we said—

"The gist of the offense defined in this statute (§12603 GC) is the driving at a rate of speed faster or slower than is reasonable and proper. The rate of speed is but one element to be taken into consideration."

See also **Vetel v Meiklejohn, et, 12 Abs 567; Davies v Marshall, Admr., 13 Abs 281.**

For a case illustrating facts other than speed which were held to support a conviction of unlawful and reckless driving see **O'Malley v State, 13 Abs 657.**

If it can be said that the affidavit charged a violation of any speed ordinance patterned after §12603 GC, then the observation of the trial judge that he based his conviction upon proof of a rate of speed more than thirty-five miles per hour, clearly discloses that he applied an improper principle of law in making determination of the guilt of the defendant. As a trier of the facts he was bound to take into consideration all of the elements which go to make up the offense and could not rely upon one factor only, namely, speed.

Although the matter is not suggested as a basis of error, we deem it advisable to call attention to another observation of the trial judge which though probably inadvertant might, if made respecting some conviction in the future, invalidate such conviction. This is taken from the transcript—

"And thereupon, on the 17th day of July, 1939, defendant being present in person, case came on to be heard. On consideration of the testimony the court finds **probable cause** to believe said defendant guilty. It is therefore ordered and adjudged that said defendant pay a fine of $15.00 and the costs of said prosecution and that his driving rights be suspended for a period of 21 days."

This is not the entry of judgment and sentence which was filed in the case after motion for new trial was overruled. That part of the finding of the court which we have emphasized indicates that the trial judge failed to apply the rule that a defendant can-

not be found guilty until the evidence establishes guilt beyond a reasonable doubt. The test of probable cause of guilt is that which is applied when an examining magistrate is determining that a party against whom a charge is made should be bound over to a grand jury.

Judgment reversed. Cause remanded.

GEIGER and BARNES, JJ., concur.