## STATE v BARNETT

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3429. Decided Jan. 27, 1942.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; Forrest F. Smith and T. Vincent Martin, Asst. Pros. Attys. Columbus, for plaintiff-appellee.

Frank H. Ward, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On April 24, 1941, by the consideration of the duly impaneled grand jury of Franklin County, Ohio, the defendant, James Barnett, was indicted under three counts. In substance, the first count charged that on or about the 12th day of February, 1941, in the county and state aforesaid, the defendant, unlawfully and while armed with a dangerous weapon, to-wit, a knife, with force and violence and by putting in fear, robbed Peter C. Ciminello of certain money of the amount and value of $12.30.

The second count in substance charged that on the 22nd day of February, 1941, the defendant, unlawfully, by force and violence and putting in fear, robbed Waneta Blackburn, of one certain purse containing certain money in the amount of $2.00.

The third count in substance charged that the defendant, on the 8th day of March, 1941, unlawfully and while armed with a dangerous weapon, to-wit, a pistol, by force and violence, and putting in fear, robbed William Blaker of certain money in the amount and of the value of $1.60.

Upon arraignment the defendant entered a plea of not guilty, and being an indigent person, Frank Ward was appointed to defend.

Before proceeding to trial counsel for the defendant interposed a motion

to compel the State to elect upon which one of the three counts he would proceed to trial. The trial court sustained the motion to the extent that it ordered that the counts of armed robbery as set out in count No. 1 and count No. 3 be tried separately from the count of plain robbery, as set out in count No. 2.

Counsel for the defendant then moved that the State be required to elect upon which count of armed robbery it would proceed to trial. This motion was overruled and the trial proceeded on the first and third counts.

The jury disagreed on the first count, but found the defendant guilty on the third count. Motion for new trial was interposed and overruled, and sentence imposed. Thereafter, notice of appeal on question of law was duly filed and thereby the cause was properly lodged in our Court.

Defendant-appellant's assignments of error are set out under five separately numbered specifications, as follows:

1. Error in compelling the appellant to stand trial on two counts of armed robbery in the indictment, wholly unrelated as to time, place and type of armed robbery.

2. Error in the charge as to alibi.

3. Misconduct of the Prosecuting Attorney.

4. Error in failing to grant a new trial on the ground of newly discovered evidence.

5. The verdict is not sustained by sufficient evidence and is contrary to law.

We will now take up these various assignments in the above order.

Undoubtedly the action of the trial court in overruling defendant's motion to require the State to elect upon which of the two counts it would proceed to trial was based upon the provisions of §13437-3 GC, which reads as follows:

"Sec. 13437-3. An indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crime or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict, provided that the court in the interest of justice and for good cause shown, may in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count."

We have no hesitancy in determining that the language of the above section authorized the Court in its discretion to overrule defendant's motion and permit the State to try the defendant on counts 1 and 3 of the indictment.

Our Court had under consideration this identical question in the case of **Hoop v State**, (Montgomery County, decided Jan. 19, 1938) **26 Abs 598.**

Other Ohio cases having to deal with this same section, but not as strong in their facts as the Hoop case, will be found, **State v Cala, 31 Abs 97; State v Bond, 30 Abs 598.**

We find no prejudicial error under assignment No. 1.

Under the second assignment it is claimed that the Court erred in its charge to the jury on the question of alibi. It is admitted that the trial court's charge on this question has support by the Supreme Court of Ohio in the case of **Sabo v State, 119 Oh St**

231. Counsel for appellant calls attention that this pronouncement of the Supreme Court was by a divided Court, and that none of the majority responsible for the opinion are now members of the Court.

The opinion is also criticized in that it failed to mention the case of **Stevens v State, 26 Oh Ap 53,** the opinion being prepared by Mauck, J., and concurred in by Middleton and Allread, the latter of the Second Appellate District. We are frank to say that the decision by the Court of Appeals bears evidence of being well considered and is very persuasive in its language. However, the Supreme Court is under no legal obligation to mention the decisions of other courts in making their pronouncements.

Notwithstanding the decision was by a divided Court, it remains the law of Ohio.

The Court of Appeals of the Fourth District recognizes this rule of stare decisis, and notwithstanding the opinion in Stevens v State, supra, in the case of **Beggs v State, 51 Oh Ap 311,** declined to follow their earlier pronouncement on the authority of the Sabo case, supra.

We find no error under assignment No. 2.

Under the third assignment of error complaint is made that the Prosecuting Attorney was guilty of misconduct of a prejudicial character. The Assistant Prosecuting Attorney at the opening of his closing argument made the following statement, "I wonder how many of you really believe that the law enforcement branch of the public life of the City of Columbus has for its sole purpose hanging something on somebody." Counsel for the State called attention to a statement made by counsel for the defendant in his argument to the jury as follows: "It is well known when the police are on the loose to find a criminal the first thing they do is to haul in the ex-convicts."

It had been shown through the evidence that the defendant was an ex-convict.

It is our conclusion that the argument of the Assistant Prosecuting Attorney in the particulars complained of was no more than a response in kind.

We find no prejudicial error.

Under the fourth assignment it is claimed that the Court erred in not granting a new trial on newly discovered evidence. This claimed newly presented evidence was brought into the record by an affidavit of Mr. Ward, attorney for the defendant, in which he sets out that while the jury was deliberating a spectator in the audience told him that the prosecuting witnesses, William Blaker and Ada Blaker, had a police record. He further states in the affidavit that subsequently he investigated the police record and found a number of separate charges against these two people. In overruling the motion for a new trial the trial court correctly stated that this evidence would have been competent, but made the further observation that diligent effort would have made it available at the time of the trial. This evidence, of course, would not have been of a substantive character, but would have been admitted as touching the credibility of the prosecuting witnesses. It has been repeatedly held in this state as well as in practically all other jurisdictions that evidence which is merely impeaching in its character will not generally warrant the granting of a motion for a new trial on the ground of newly discovered evidence. **12 O. Jur. p. 665, §650; State v Topa, 96 Oh St 410;** also see in 12 O. Jur. under §647 the statement in substance that applications for new trial on the ground of newly discovered evidence have never been favored by the Courts.

**Sec. 13449-1 GC,** provides that when a motion for a new trial is made on the

108

ground of newly discovered evidence, it must be  supported by the affidavits of the witnesses by whom such evidence is expected to be given. The defendant-appellant did not comply with this provision of the statute.

We find no prejudicial error under assignment No. 4.

Under the 5th assignment the claim is made that the verdict is not sustained by sufficient evidence and is contrary to law. This assignment requires a careful and full reading of the bill of exceptions. This we have done. As is usual, there was sharp conflict in the testimony. We think this was exclusively a jury question and there is ample evidence to support their verdict.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs adjudged against the appellant.

Cause remanded for further proceedings according to law.

GEIGER, PJ. & HORNBECK, J., concur.