**ELGIN, Plaintiff-Appellant, v. HEATON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4178.  Decided February 11, 1949.

Williams, Williams & Reynolds, Columbus, for plaintiff-appellant.

Paul R. Gingher, Columbus, for defendant-appellee.

### OPINION

By HORNBECK, J.

The appeal is on questions of law from a judgment of the Municipal Court of the City of Columbus, entered on a verdict

of a jury directed by the trial judge at the conclusion of plaintiff's case in chief.

Six errors are assigned but one only is urged in appellant's brief, namely, the sustaining of defendant's motion for directed verdict at the conclusion of plaintiff's case.

The action was for property damages alleged to have been suffered by plaintiff by reason of the negligence of the defendant. The essential facts are that the plaintiff is and was on December 1, 1946, the owner of a single brick dwelling house, known as 1592 Richmond Avenue and situated at the northwest corner of Richmond and Parkwood Avenues in the City of Columbus, Ohio; that on said date the defendant, driving a Cadillac passenger car, was moving west on Richmond Avenue and when he had reached an intersection of this street with Parkwood Avenue, his car came into collision with a passenger car moving north in Parkwood. The Cadillac was struck when it had passed the center line of Parkwood Avenue and showed the effect of the impact at the juncture of the left front fender and the door. When the cars finally came to a stop the Cadillac was just up over the curb west of the intersection at a forty-five degree angle, headed northwestwardly, resting among some bushes. The other car was in Richmond Avenue west of the intersection. By traffic regulations, the Cadillac, if proceeding in a lawful manner, had the right of way over the other automobile. There is no testimony as to the specific rate of speed of either car preceeding or at the time of the collision. Witnesses describe the sound of the collision of the cars and the subsequent impact of the Cadillac with plaintiff's house, "sounded like a couple of cannons going off and then a machine gun" or "a shot". It developed that after the collision the Cadillac moved across Richmond Avenue, over the curb and the pavement and into the yard, travelling a distance of 30 feet from the curb and striking a porch on the residence of plaintiff. The yard had an incline of three feet from the curb to the porch. The car struck one of the pillars of the porch, totally destroying it and leaving the bricks lying over the yard and porch, damaged another pillar, knocked out a portion of the lower part of the porch and several rails and moved the whole porch an inch or two out of line. Evergreens, shrubbery and grass in the yard were also destroyed. The Cadillac after striking the porch was caused to move back some twenty feet from the house and there came to rest. The brick pillars on the porch were, according to one witness, 2, 2½ or 3 feet at the base and of solid brick up to the roof.

A witness testified that the Cadillac as it approached the house "shot forward like a bullet from a gun", but upon objection this was stricken. This testimony was competent and some evidence of the rate of speed. It was testified that the bill for the repair of the porch was $215.60, and that in addition thereto the property had been damaged in the sum of $200.00.

It was stated that soon after the collision when a police officer was investigating the accident the defendant said "it was his fault and that he would pay for the damages". The wife of plaintiff also testified that the defendant, while on her premises after the collision, said "it was his fault and that he would pay for the damage". Another witness, Mr. Cott, said that shortly after the accident defendant stated that "Mr. and Mrs. Elgin were not to worry about their damage", and a similar statement was made by 'phone the next day by defendant.

The charges of negligence against the defendant were that he drove his automobile at a rate of speed greater than was reasonable and proper, failing to have his automobile under control and failing to stop it in time to avoid the impact with the porch of the dwelling house.

The section of the statute involved is §6307-21 (a) GC,

"No person shall operate a motor vehicle, * * * upon the streets * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, * * *."

The rates of speed which shall be prima facie lawful and in excess of which shall be prima facie unlawful are set out in the section.

It is a violation of §6307-21 (a) GC to drive an automobile at a rate of speed faster or slower than is reasonable and proper under all the circumstances appearing therein. It is significant that one may violate this section by driving too slowly. The emphasis is placed upon reasonable and proper speed. Manifestly, the attending circumstances weigh heavily in testing the question of nonobservance of the statute. In open country, on a wide thoroughfare with ideal weather conditions and little traffic, a rate of speed could be indulged far in excess of that which would be safe at an intersection in a congested section of a city.

Rates of speed have been fixed by witnesses from varying physical factors, such as skid marks, distance that a car

traveled after a collision, noise made by the motor of a moving car, the probable distance that an automobile traveled after the collision.

The force which was exerted to cause the wreckage to the porch, and other damage, has, in our judgment, probative effect on the ultimate question of the reasonableness of the speed of defendant's car.

Our Supreme Court has been very strict in applying the latter part of the section here under consideration, the assured clear distance ahead portion thereof, even to the extent of imputing contributory negligence to an automobilist who struck another car on its wrong side of the road just over the brow of a hill. **Smiley v. Arrow Metal Spring Bed Co., 138 Oh St 81.**

Plaintiff's evidence, undenied and uncontradicted, in our judgment was such that reasonable minds might differ as to the conclusions to be drawn from it and therefore should have been presented to the jury for determination whether or not any negligence asserted had been proven. **Hamden Lodge, I. O. O. F. v. Ohio Fuel Gas Company, 127 Oh St 469; Wilkeson v. Erskine & Son, 145 Oh St 218.**

Appellant cites **Esterly v. Youngstown Arc Eng. Co., 59 Oh Ap 207,** and particularly an excerpt from the opinion of Judge Nichols at page 213, wherein in part he said:

"We are unwilling to hold that the speed of defendant's car is to be determined solely by estimates put thereon by witnesses who saw the car at the time. In fact, it is the belief of the writer of this opinion that estimates of speed made by witnesses who observe an approaching car are the least reliable means of finding such speed."

In the cited case no witness for the plaintiff had testified as to the rate of speed of defendant's automobile which was prima facie unlawful under the statute. The physical facts surrounding the collision and the effect thereof are commented on at length in the opinion and it is concluded that the court did not err in submitting the question of defendant's excessive speed to the jury.

We have many times commented on the fact that the gist of the offense defined here under consideration is unreasonable or improper speed under all the circumstances set out in the statute. **Vatel v. Meiklejohn, et al., 12 Abs 567; Davies v. Marshall, Admrx., 13 Abs 282; Schmidt v. Kinney, 19 Abs 54.**

After all, the simple question here is, may facts from which inference of considerable speed may properly be drawn make

a prima facie case in the absence of any testimony fixing, by opinion, the rate of speed in miles per hour at which the automobile was moving? Obviously, if one witness had fixed a rate of speed of the Cadillac at 36 miles per hour a case would have been made for the jury, but could it be said, had a witness fixed the rate of speed at only 20 miles per hour that under all the circumstances there could not be a violation of the statute? The rate of speed in miles per hour is but one element to be considered in applying the test of reasonable and proper speed.

We are cited to the case of West v. Jaloff, 232 Pac. 642; 36 A. L. R. 1391, in which the factual situation developed was much like the facts appearing in this case. The court there held that the evidence adduced was sufficient to go to the jury as proof of violation of a statute where the speed limit was 12 miles per hour. The action in the cited case was by a third person who had been injured by being struck by defendant's automobile which ran into a yard and was carried part way into the house where plaintiff was injured. The defendant had the right of way which was urged in his behalf, but the court directed attention to the fact that "granting the right of way is one thing, and granting the right to exceed the statutory speed is another", and that the damage to plaintiff may have resulted from the joint negligence of the parties involved in the collision.

If the defendant had sued the driver of the car which came into contact with the Cadillac, would not the facts appearing in the instant case require a submission to the jury of the question of his contributory negligence?

The right of way of the defendant was qualified by the necessity that he approach the intersection in a lawful manner and that is the issue which is raised here upon the charge of negligence in the petition, the answer thereto and upon the evidence.

In addition to the evidence which we have discussed tending to establish unreasonable speed in the operation of the Cadillac, we have defendant's statements that he was at fault, that he would pay the damage for which he was responsible. These were clearly admissions against interest by a party to the suit and were properly admitted. But it is urged that the admissions may have been made without full appreciation of their legal implication and that it may have been that the force of the automobile striking the Cadillac caused it to swerve and to move up the terrace and strike the house, or that the impact may have caused the defendant unwittingly, momentarily to put his foot on the accelerator.

All of these exculpatory conclusions may have been the facts but they are negatived by the admissions of the defendant.

It may not be questioned that declarations such as are involved here are generally admissible, 29 O. Jur. 685, 38 Am. Jur. 1021, and for the purpose for which the admissions were submitted, **Helman v. Railroad Co. 58 Oh St 400.** That such admissions are accepted as substantive proof is held in **Kaczmarek v. Murphy, 78 Oh Ap 449,** and in Linnehan v. Sampson, 126 Mass. 506.

In Strickland v. Davis, 221 Ala. 247, 118 A. L. R. 1232, the declaration of the defendant was that he was at fault. It was there held that the admission was a circumstance to be weighed by the jury upon the ultimate question of the legal liability of the defendant. So it is here. We are not required to hold that the statements alone, undenied and uncontradicted, would support a verdict but whether in conjunction with the other testimony made a prima facie case which should have been submitted to the jury.

In the oral argument, considerable attention was directed to the claim that the application of the res ipsa loquitur doctrine required the submission of the case to the jury and we are cited to **Fink v. New York Central Rd. Co., et al., 144 Oh St 1,** in support of appellant's contention. However, it does not appear that this claim of the plaintiff was called to the attention of the trial judge at any time during the trial of the cause, although presented on the motion for new trial, nor is it made the subject of specific assignment of error.

In Fink v. New York Central Rd. Co., supra, Judge Bell, at the conclusion of his opinion, after holding that the res ipsa loquitur doctrine applied, said that,

"It is the duty of the court, when requested so to do, to submit the question to the jury under proper instructions."

In **Loomis v. Toledo Rys. & Lt. Co., 107 Oh St 161,** the rule was invoked by the plaintiff in special requests for a charge to the jury after argument. We cannot say that the record permits the conclusion that the plaintiff saved the question in a timely manner nor that it is presented to this court for determination.

The motion of the defendant to direct a verdict at the conclusion of plaintiff's case should have been overruled. The motion for new trial should have been sustained. The judgment will be reversed and cause remanded.

MILLER, PJ, and WISEMAN, J, concur.