**STATE ex HARLEY, Petitioner-Appellant, v. ALVIS, Warden, Respondent-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4361.   Decided January 26, 1950.

Cecile J. Shapiro, Columbus, for petitioner.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Court dismissing the petition which prayed for a writ of habeas corpus.

At the ouset, we direct attention to the fact that the record in this case does not present the facts which are briefed and which were urged in the Common Pleas Court. In the trial, counsel for the petitioner referred to and identified Exhibits A, B and C, neither of which is read into or made a part of the bill of exceptions. There is no answer in which the averments of the petition are admitted and the return of the Warden sets out only an indictment of the defendant under Court of Common Pleas, Franklin County Case No. 28746 and the sentence thereunder. Much comment is made by counsel respecting another indictment under case No. 28710, but there is nothing in the record respecting the charges or the sen-

tences in that case. Observation is made as to certain orders of the Parole Board with respect to the sentence of the petitioner in Case No. 28710, but no such evidence is to be found in the record, either by witness or by stipulation. We may, therefore, properly reach but one question, viz., was the sentence of the petitioner in Case No. 28746 and the commitment thereunder void?

The senctence shows a plea of guilty of petitioner to grand larceny and the sentence of the court that he be imprisoned in the penitentiary in this State * * * not less than —— years, and not more than —— years or until legally discharged * * *. Sentence to commence upon completion of sentence in Case No. 28710. The effect of this sentence is that it begins at the termination of the sentence in No. 28710, which is equivalent to an order that it be served consecutively to said earlier sentence.

It must be assumed that the sentence in 28710 conforms to all legal requirements and that there has been or will be a fixed date of its termination. The maximum period of imprisonment under judgment of guilt of grand larceny is seven years. No. 28746 is a separate indictment containing but one count and the sentence imposed is fixed by law and must be general under §2166 GC, under which the maximum term may equal but may not exceed the maximum terms of all the felonies of which petitioner was sentenced and he must be held to be serving one continuous term of imprisonment.

It is contended, although the record does not disclose the facts upon which the contention is made, that the sentence in No. 28710, being upon two counts in one indictment should have been from two to fourteen years instead of separate sentences of one to seven each.

We certainly do not hold, that such sentences were irregular. It is urged that under a sentence of a minimum of two years the prisoner would have been allowed more time each month to hasten the date when he would have been eligible for parole. It is stated by counsel for petitioner that the plaintiff was considered for parole at the end of his first year of imprisonment. It does not appear that the continuance of petitioner's cause was made because of the form of the sentences. In any event, if it be admitted that there was an irregularity in the sentence in No. 28710, it is nothing more and would not be a void sentence, nor can we find that the sentence in Case No. 28746, under which the Warden now holds the petitioner, is void.

The cases cited by the appellant do not support his contention. In **Larney v. Cleveland, 34 Oh St 599,** the 2nd syllabus, holds:

"A sentence of imprisonment 'to commence after the expiration of former sentences' is too uncertain and indefinite."

This syllabus must be read in the light of the facts developed in the case. The sentence under consideration provided that it was to commence after the expiration of former sentences, etc. The court says that it does not appear "in the record what 'previous sentences' were referred to by the court at the expiration of which the present sentence was to commence."

In **Williams v. State, 18 Oh St 47,** the sentence was to imprisonment in the penitentiary for a further term of ten years, to commence at the expiration of the sentence "aforesaid" but there was nothing in the record showing to what the term "aforesaid" related. It will also be noted that the order of the Supreme Court in the Williams case was to reverse and remand the judgment because the sentence was uncertain. It did not hold that the sentence was void which is a prerequisite here to the granting of a writ of habeas corpus. The first syllabus says:

"Where a party is convicted at the same time, of several crimes, each punishable by imprisonment in the penitentiary, it is not error, in sentencing the defendant, to make one term of imprisonment commence when another terminates."

**Eldredge v. State, 37 Oh St 193,** holds that where there is a verdict of guilty as to more than one count there should be a judgment as to each verdict.

**Ex parte Steinmetz, 35 Oh Ap 491,** in which the writ of habeas corpus was granted, was grounded upon the proposition that the court pronounced a sentence which was over and beyond its authority.

**Picket v. State, 22 Oh St 405,** supports the contention of the appellant that the sentence here under consideration was erroneous. In the Picket case there was a plea of guilty and the sentence pronounced was that the defendant be imprisoned in the jail of Hamilton County for the term of thirty days "from and after the sentence heretofore made in Case No. 4948, State of Ohio v. Henry Picket," etc.

The court held that this sentence was indefinite and uncertain because it did not advise the prisoner and the officer charged with the execution of the sentence of the time of its commencement and termination without being required to inspect the records of other courts or of other cases. The

4

court remanded the cause for proper sentence and judgment. This case is not authority for the claim that the sentence here is void but that it is irregular.

In Williams v. State, supra, as here, the defendant was convicted at the same time of several felonies. It should be kept in mind that all the cases which we have considered were decided before the present controlling statutes as to sentences were enacted.

It is our opinion that the sentences as pronounced in the three cases in which the defendant was convicted were correct. We do not see how they could have been otherwise pronounced except that the minimum and maximum terms could have been carried into the sentence in No. 28746. If the sentence had been from two to fourteen years under the indictment containing two counts, manifestly, had it later appeared that one of the convictions was improper, the sentence would also have been ineffective as to the other count which may have been regular in all particulars.

In our judgment, in this case if there is any irregularity whatever it is not in the form of sentences pronounced and certainly the sentence under which the petitioner is held is not void.

Judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.