Kinkade, J.
 

 This is a
 
 habeas corpus
 
 case com
 
 *394
 
 menced in
 
 the
 
 Court of Appeals of the First District by the defendant in error, Joe Brown, against the plaintiff in error, William H. Anderson, as sheriff of Hamilton county, while Brown was a prisoner in the jail of that county. Brown contended that his term of imprisonment had expired, and that he was being illegally restrained of his liberty by the sheriff. The Court of Appeals sustained Brown’s contention, and ordered his release. The sheriff prosecutes error to this court.
 

 On December 23, 1926, Brown was duly convicted in the municipal court of Cincinnati of three separate violations of the criminal law, and on that day was sentenced as follows: For crime No. 1, to pay a fine of $200 and costs of $2; for crime No. 2, to be imprisoned for 30 days in the county jail and to pay the costs of $2; for crime No. 3, to. pay a fine of $25 and the costs of $2, the total fines amounting to $225, and the costs $6, total $231. On February 11, 1927, Brown entered a plea of guilty in the common pleas court to an indictment returned against him by the grand jury, and was on that day sentenced by that court to be imprisoned in the county jail for 30 days, and to pay a fine of $50 and the costs, amounting to $22.25, thus making his two imprisonment sentences aggregate 60 days, his fines $275, and costs $28.25, the total of fines and costs being $303.25. The sentences as journalized did not provide that they should be served cumulatively, nor did they provide that they should be served concurrently. The sentences contained a statement that Brown should stand committed to the county jail until such fines and costs were paid, or until he be discharged
 
 *395
 
 therefrom by allowing a credit of one dollar and fifty cents per day on such fine and costs, or until he be otherwise legally discharged.
 

 Brown had no money to pay any part of any of the fines or costs. He remained in jail 135 days, and then demanded his release, claiming that the credit of $1.50 per day allowed by law for that number of days was sufficient to extinguish his largest fine of $200, and $2 costs, $202. That his two sentences of 30 days each in jail had been more than served was manifest, and he claimed that the balance of his fines and costs had been extinguished by further application to them of the same credit applied in answering the larger fine and costs of $202.
 

 If the principle be sound that fines aggregating the sum of $303.25 can be discharged by the payment of $202, then the judgment of the Court of Appeals must be affirmed. But is the principle contended for sound? It is conceded by counsel for plaintiff in error that the general practice of the courts has long been to treat sentences of imprisonment imposed on the same individual as running concurrently, and not to be served cumulatively, unless the contrary intention of the court is clearly indicated in the journal entries covering the sentences; but, while this is conceded as to sentences of imprisonment, it is claimed that the courts do not follow a like course in respect to fines and costs, and particularly with reference to fines which are to be met by statutory allowance of credits thereon, as in this case. It is claimed that the fines are debts due the state, and that debts can only be satisfied by payment in full.
 

 
 *396
 
 Counsel concede there is a marked dearth of authority on this subject. They say the question thus presented is a novel one, and add that they find some slight assistance in the authorities.
 

 This court in 1868, in the case of
 
 Williams
 
 v.
 
 State,
 
 18 Ohio St., 46, decided that it was entirely proper for the trial court to require several sentences of imprisonment imposed upon the same party to be served cumulatively. The first clause of the syllabus in that case reads as follows: “Where a party is convicted at the same term of several crimes, each punishable by imprisonment in the penitentiary, it is not error, in sentencing the defendant, to make one term of imprisonment commence when another terminates.”
 

 Mr. Justice Scott, in his opinion, said, at page 48:
 

 ‘ ‘ Our statute does not, in terms, require sentences of imprisonment to commence
 
 m presentí,
 
 and we think it ought not to be so construed, where no present effect can be given to such sentence, by reason of another subsisting judgment of imprisonment. To hold that where there are two convictions and judgments of imprisonment at the same term, both must commence immediately, and be executed concurrently, would clearly be to nullify one of them. ' To postpone the judgment in. one case, until the termination of the sentence in the other, would, if allowable, be attended with obvious inconvenience and expense, without any correspondent benefit to the convict. There is nothing in the statute requiring this, and it is not to be construed so as to defeat or impede the execution of its own provisions as to the punishment of crimes. We think, both upon principle and the weight of
 
 *397
 
 authority, that we are required to hold that it is not error, upon a conviction in a criminal case, to make one term of imprisonment commence when another terminates. There is hut little force in the objection, that the term of the commencement of the second term is contingent and uncertain. It is true that the first term may be ended by a pardon or a reversal of judgment but its termination will be rendered certain by the event, and then the second sentence, by its terms, takes effect.”
 

 This decision has not been modified or overruled.
 

 It is not difficult to see why there are but few adjudicated cases on this subject. The fact is there is very little to adjudicate. There is no statute in Ohio directing whether sentences shall be cumulative or concurrent, and in view of the impossibility with respect to concurrent running of imprisonment sentences for separate violations of the criminal law, it seems fairly evident that the Legislature has appreciated the difficulty that would attend any attempted legislation to the effect that several sentences for several crimes should be served concurrently. No man can be imprisoned for 2 or more days in any one period of 24 hours. He might, of course, be imprisoned for 2 half days, or 4 quarter days in any 24 hours. No one can meet punishment imposed for 4 separate crimes by serving only the imprisonment designated for crime No. 1.
 

 If the jail, instead of being treated as a single institution, were considered by the cell numbers, and a man were sentenced to be imprisoned for 25 days in cell No. 1, and at the same time he were sentenced to be imprisoned for 25 days in cell No.
 
 *398
 
 2, and the same sentences were to be imposed with respect to cells No. 3 and No. 4, would any one suspect that the 25 days spent in cell No. 1 could be counted as answering sentences that applied to cells No. 2, No. 3, or No. 4, or that the court intended it to be worked out in that way? A man can no more serve 100 days by serving 25 days than he can add 100 days to his age by living 25 days. The situation presents a physical impossibility which is not relieved at all by the statement of the sentencing court that the sentences are to be served concurrently. It is quite immaterial how long or how general such practices have obtained on the part of the courts. Such a course amounts only to saying that the accused shall pay a penalty —and it may be a minimum fixed by statute—for crime No. 1, but that the provisions of law as to the other crimes shall stand as waived in favor of the accused. If such be the intention of the court, and the court has the power so to do, it is quite pertinent to ask why any of the other three sentences were imposed at all. When the record is silent on the subject, why should a reviewing court assume that the trial court intended to undertake a manifest impossibility; that is to say, that several imprisonment sentences for several separate crimes should be served concurrently, when, as a matter of fact, they can only be all served cumulatively? Four sentences of 25 days each in jail are a total of 100 days in jail, and it cannot be at all material whether the first 25 days served are held to answer for crime No. 1, No. 2, No. 3, or No. 4. .The last 25 days of the 100 days will apply to the crime not theretofore covered, and then, and not
 
 *399
 
 before, will the accused be entitled to his liberty, for the very self-evident reason that he will then have met the requirements of the law by serving all the judgments of sentence.
 

 We are quite unable to appreciate why any difference should be made in computing time or computing credits, where credits take the place of time. A day answers for 1 day, and no more; and a dollar answers for $1, and no more. The real practical effect of the allowance of credits, as provided in Section 13717, General Code, is to change the fine into an imprisonment sentence in order that the violator of law may not escape punishment, even though he cannot pay the fine in money; the amount of the fine divided by the
 
 per diem
 
 credit being used to determine the time of further detention.
 

 It is in no proper sense an account payable or a bill payable to the state. It is a liability, dis.~ tinctly so, instead of an asset of the state, as the' state not only does not and cannot collect anything thereon, but on the contrary is obliged to board and maintain the prisoner while he is thus making amends for his violation of law.
 

 The defendant in error was not entitled to his liberty when he had been in jail a total of only 135 days.
 

 The judgment of the Court of Appeals will be reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Robinson and Matthias, JJ., concur.
 

 Jones, J., concurs in the judgment.