THE STATE, EX REL. DYE, *v.* ALVIS, WARDEN.

(No. 4266—Decided July 5, 1949.)

*Mr. Lawrence H. Dye, in propria persona.*
*Mr. Herbert S. Duffy,* attorney general, and *Mr. Walter R. Hill,* for respondent.

WISEMAN, J. This is a proceeding in habeas corpus. The petitioner was indicted on two counts for issuing two separate checks with intent to defraud, in violation of Section 710-176, General Code. The petitioner pleaded guilty and on November 23, 1945, he was sentenced to be imprisoned in the Ohio state penitentiary until legally discharged. The sentence did not specifically provide whether the sentences on the two counts were to run concurrently or cumulatively.

The rule in Ohio is that where the record is silent as to whether two or more sentences are to be served

cumulatively the presumption obtains that the sentencing court intended the prisoner should serve the full aggregate of all sentences. *Anderson, Sheriff*, v. *Brown*, 117 Ohio St., 393, 159 N. E., 372; *Williams* v. *State*, 18 Ohio St., 46; 12 Ohio Jurisprudence, 701, Section 683.

Under Section 710-176, General Code, the maximum period of imprisonment is three years. Since the sentences run consecutively the term of imprisonment has not expired.

But the petitioner contends that the sentence is defective in that it does not appear that the petitioner was sentenced on both counts. A general sentence is authorized by Section 2166, General Code. In the absence of affirmative proof to the contrary we are required to indulge the presumption in favor of the validity of the judgment and the regularity and legality of the proceeding. 2 (Rev.) Ohio Jurisprudence, 1015, Section 565. A sentence on two or more counts is not defective because the sentence is general. See *Bailey* v. *State*, 4 Ohio St., 440, 444. Furthermore, a defect in the sentence is not jurisdictional. Where there is a defect in the sentence of a court of competent jurisdiction habeas corpus does not lie to review it; the proper remedy is by appeal in the original action. *State, ex rel. Conners,* v. *DeMuth, Supt.*, 96 Ohio St., 519, 118 N. E., 98; *In re Allen*, 91 Ohio St., 315, 110 N. E., 535; *Ex parte Van Hagan*, 25 Ohio St., 426; *Ex parte Shaw*, 7 Ohio St., 81, 70 Am. Dec., 55; 20 Ohio Jurisprudence, 425, 445, Section 6, 23.

The petition is denied.

*Petition denied.*

MILLER, P. J., and HORNBECK, J., concur.