WEBER *v.* ALVIS, WARDEN, ET AL.

534

(No. 4486—Decided January 19, 1951.)

*Mr. Arthur J. Weber, in propria persona.*

*Mr. Herbert S. Duffy*, attorney general, *Mr. Alan E. Schwarzwalder*, and *Mr. Frank J. Battisti*, for respondents.

*Per Curiam.* This is an action in habeas corpus, originating in this court, in which the petitioner, a prisoner in the Ohio penitentiary, seeks the writ on the ground of a void sentence.

Petitioner was committed to the Ohio penitentiary from Cuyahoga county to serve a term of from one to seven years for grand larceny. Sentence began on September 22, 1934, and the maximum sentence would have expired on September 21, 1941. On April 4, 1936, the petitioner was paroled. On June 14, 1936, he was declared a parole violator. Subsequently he was indicted, tried, and convicted of rape. On the rape charge the sentence was general, with this statement added: "Sentence in this case is to begin after said defendant has served all time due on previous pa-

roles." This sentence was pronounced on September 17, 1936. On September 22, 1936, petitioner was returned to the Ohio penitentiary as a parole violator under the first sentence. The parole board ruled that petitioner's maximum sentence on the first charge would not expire until December 29, 1941, on which date petitioner started serving the sentence on the rape charge.

The petitioner contends that the first sentence expired September 22, 1941, rather than on December 29, 1941. Petitioner relies on Section 2209-20, General Code, which in part provides:

"In the case of an escaped prisoner, or a convict, prisoner or other person who has been declared a violator, *the time from the date of his escape or of the declared violation of his pardon or parole to the date of his arrest or return* shall not be counted as a part of the time or sentence served." (Emphasis ours.)

This section has no application since it did not become effective until May 3, 1939, almost three years after the petitioner was declared a parole violator. The controlling statute applicable to the facts in this case, and in effect in 1936, was Section 2211-9, General Code (114 Ohio Laws, 589), which in part provided as follows:

"In the case of an escaped prisoner or a prisoner who has been declared a violator, *the time from the date of his escape or of his declared violation of parole or pardon to the date of his return* shall not be counted as a part of time or sentence served." (Emphasis ours.)

It will be noted that the date of the arrest of the prisoner was not mentioned in Section 2211-9, General Code. The period of time was calculated from the date the petitioner was declared a parole violator until the date of his return. Under this calculation the sentence of the petitioner would be extended three months

and five days. The sentence, therefore, on the first offense would have expired on December 26, 1941, rather than on December 29. 1941.

One sentence may commence upon the termination of a former sentence. *Anderson, Sheriff,* v. *Brown,* 117 Ohio St., 393, 159 N. E., 372; *Williams* v. *State,* 18 Ohio St., 46; *Hart* v. *State,* 42 Ohio App., 501, 507, 182 N. E., 534; *Hoop* v. *State,* 26 Ohio Law Abs., 598; and *State, ex rel. Harley,* v. *Alvis, Warden,* 57 Ohio Law Abs., 1, 93 N. E. (2d), 410.

Early decisions in Ohio, rendered when the statute required the court to fix the duration of the term and before the enactment of Section 2166, General Code, requiring sentences to be general, are neither helpful nor controlling in the determination of the issues here presented.

Assuming, without deciding, that there was a defect in the sentence, either with respect to the time the sentence began on the second offense, or in failure to specifically describe the case on which the first sentence was imposed, as petitioner contends, this defect would at most be an irregularity and would not render the sentence void. A defect in the sentence is not jurisdictional. Where there is a defect in a sentence of a court of competent jurisdiction, habeas corpus does not lie to review it; the proper remedy is by appeal in the original action. *State, ex rel. Conners,* v. *DeMuth, Supt. of Toledo Workhouse,* 96 Ohio St., 519, 118 N. E., 98; *In re Allen,* 91 Ohio St., 315, 325, 110 N. E., 535; *Ex parte Van Hagan,* 25 Ohio St., 426; *Ex parte Shaw,* 7 Ohio St., 81, 70 Am. Dec., 55; *State, ex rel. Dye,* v. *Alvis, Warden,* 86 Ohio App., 137, 90 N. E. (2d), 416; 20 Ohio Jurisprudence, 425, 445, Sections 6, 23.

*Petitioner remanded to custody.*

MILLER, P. J., HORNBECK, and WISEMAN, JJ., concur.