**Leslie Joseph BOURGEOIS, Petitioner,**

v.

**Ray PAGE, Warden and J. F. Choate, Record Clerk, Respondents.**

**No. A-15658.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1969.

---

ORDER DENYING WRIT OF HA-
BEAS CORPUS AND WRIT
OF MANDAMUS

PER CURIAM.

Leslie Joseph Bourgeois, Petitioner herein, has filed an instrument with this Court entitled "Petition for Writ of Habeas Corpus and Writ of Mandamus." We observe that this same issue has been heretofore presented to the Honorable Robert J. Bell, who correctly and concisely stated the law in his Order denying petitioner's request for relief on the 13th day of October, 1969, in the District Court of Pittsburg County. In his Order, Judge Bell stated:

"Petitioner herein proceeds by Writ of Habeas Corpus and Writ of Mandamus, forma pauperis. His complaint can be summarized as follows:

He received a 15 year sentence on February 24, 1961, and a 5 year sentence May 26, 1961, both being Robbery with Firearms convictions from Oklahoma County, Oklahoma. Both forms of Judgment and Sentence read that 'said term of sentence to begin at and from the delivery of the defendant to the Warden * * *'. He contends he was delivered to the penitentiary on May 29, 1961 and under the reading of the Judgments and Sentences both sentences commenced to operate concurrently; that he is held on consecutive bookings; he contends he has served enough time to be released.

This is a common complaint due to faulty forms used in so many of the courts. It is definitely held in Oklahoma that portion of the Judgment stating time of beginning of sentence is immaterial and surplusage. Ex parte Griffin, [91 Okl.Cr. 132] 216 P. (2) 597. All decisions hold that such sentences are not concurrent unless it is so stated, and can not be concurrent unless both sentences are handed down the same date.

Petitioner states no facts to justify release. If no facts are pleaded to justify relief the Writ is to be summarily denied. Butler v. Page, [Okl.Cr.] 421 P. (2) 276. Petitioner's exhibits are returned to him for such further use as he sees fit.

WRIT DENIED.
DATED October 13, 1969."

In accordance with the Order of Judge Bell, and the authority cited therein, we are of the opinion that the writ prayed for should be, and the same is hereby, denied.