292 A.2d 862.

ALFREDO PELLICCIA *vs.* JOHN F. SHARKEY.

JULY 10, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.   This is a petition for a writ of habeas corpus. On July 15, 1968, petitioner pleaded nolo to each of two indictments, Nos. 35429 and 35430.

The first numbered indictment charged petitioner with altering identification of a firearm in violation of now G. L. 1956 (1969 Reenactment) §11-47-24.

The second indictment charged unlawful carrying of a pistol in a motor vehicle in violation of now §11-47-8.

These pleas were accepted and petitioner was given the maximum sentence on each offense, namely one year and one day.   However, the justice imposing these sentences then ordered suspension of their execution as authorized by now §12-19-8[1], and placed petitioner on probation for one year and one day.

Thereafter, on September 26, 1968, petitioner was presented to a different Superior Court justice and charged with having violated the terms of his probation, probation was revoked, the suspension of execution vacated, and petitioner was committed to the Adult Correctional Institutions to commence serving said sentences consecutively.

---

[1]This section provides as follows:

"Whenever any defendant shall appear for sentence before the superior court, the court may impose a sentence and suspend the execution thereof or place the defendant on probation without the imposition of a suspended sentence. The suspension of the execution of such sentence shall place the defendant on probation for such time and on such terms and conditions as the court may fix.

"The period of probation may be for a shorter or longer period than the time of the sentence imposed, but in no event shall such probation exceed the longest period for which the defendant might be sentenced upon conviction."

On July 28, 1969, petitioner, having already served ten months, filed the instant petition. It alleged unlawful restraint in that the revoking justice lacked authority to order that the sentences be served consecutively. It also prayed that petitioner be admitted to bail pending determination of the merits of his petition. We entered an order on July 31, 1969, directing the respondent warden to show cause, if any he had, why the writ should not issue and, moreover, why petitioner should not be admitted to bail as prayed.

The respondent answered as directed, and on September 30, 1969, in consideration of the memoranda submitted by the parties, we ordered the writ to issue and directed that petitioner be presented to the Superior Court for the fixing of bail in accordance with his prayer therefor.[2]

This brings us to a consideration of the petition on its merits. It is petitioner's contention that either by the expressed pronouncement of the sentencing justice or the latter's failure to direct that the two sentences were to be served consecutively, the sentences were imposed to run concurrently. With this as his premise, he concludes that having already served one year and one day, the sentences imposed have been completed. We think that there is merit to his contention that the two sentences, each for one year and one day, would, if execution had not been suspended, have to be construed as imposed to have run concurrently. We are so persuaded from an examination of the transcript made when petitioner was sentenced. It discloses, in pertinent part the following:

> "I am going to give him the maximum sentence on both charges, which is one year and one day, and suspend the operation thereof. No costs.

---

[2]Pursuant to this order, petitioner appeared in the Superior Court on October 1, 1969, and was released on furnishing bail with surety of $5,000. It was not until two years thereafter, however, specifically October 1, 1971, that he filed his brief, and respondent's brief was not filed until almost seven months thereafter, namely April 28, 1972.

"Mr. De Robbio. That's a year and a day probation, Your Honor.

"The Court. On each. Probation like period.

"Clerk. Harken to the sentences of the Court, Indictments Number 35429 and 35430, the Court sentences you to be imprisoned in the Adult Correctional Institution[s], County of Providence, for the term of one year and one day from and after this 15th day of July 1968. You stand committed therein until sentences be performed in all their parts. Said sentences are suspended. You are placed on probation for a period of one year and one day."

It is clear from the foregoing that the sentencing justice did not expressly direct that the sentences were to be served concurrently. But, as petitioner points out, had execution not been suspended, the mittimus issuing on each sentence would have been for one year and one day from July 15, 1968.

Indeed, it appears to be black letter law that in the absence of a statute to the contrary, when two or more sentences to be served in the same institution are imposed at the same time, such sentences run concurrently unless expressly ordered otherwise.[3]

The reason for the rule is clear enough. Had petitioner been delivered to the custody of the respondent on the authority of two mittimi, each of which ran for one year and one day from July 15, 1968, respondent's authority to restrain petitioner would have terminated on July 14, 1969.

As heretofore indicated, respondent readily concedes that had the execution of sentence not been suspended, petitioner would have completed both sentences on July 14,

---

[3]The parties are agreed that such is the rule. Neither cite cases, petitioner referring to 21 Am.Jur.2d *Criminal Law* §547 (1965), while respondent refers to 24B C.J.S. *Criminal Law* §1996(2) at 662 (1962). For decisional support, however, *see Bourgeois* v. *Page,* Okla.Crim. 462 P.2d 305 (1969) and *Commonwealth ex rel. Pitts* v. *Myers,* 196 Pa.Super. 277, 175 A.2d 331 (1961).

1969. He argues, however, in substance, that when the sentencing justice suspended execution, there was also a suspension of a determination of how the sentences were to run. Consequently, he concludes, it was within the jurisdiction of the justice who revoked the suspension of execution to order that the two sentences previously imposed would run consecutively.

In support of this contention, respondent refers our attention to the provisions of then G. L. 1956, §12-19-9. The precise language of the section on which he relies is as follows:

" * * * the court may remove the suspension and order the defendant committed on the sentence previously imposed, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to said court may seem just and proper."

He particularly stresses the words "as to said court may seem just and proper." We think, however, that they are limited to and not an extension of the choices stated. So persuaded, we think that whether two sentences, previously imposed at the same time and the execution of which has been suspended, are to be served concurrently or consecutively if and when such suspension is subsequently revoked, depends on what was intended by the sentencing justice.

In the case at bar, the sentencing justice made no express pronouncement. However, referring to the language previously quoted from the transcript made at the time of sentencing, one cannot escape the strong impression that the sentencing justice was not thinking in terms of cumulative sentences.

So convinced, we conclude that the instant petitioner is entitled to the benefit of the rule that when two or more sentences are not expressly stated as being consecutive, the presumption is that they were imposed to be served con-

currently. *In re Radovich,* 61 Cal.App.2d 177, 142 P.2d 325 (1943) and *In re Breton,* 93 Me. 39, 44 A.125 (1899).

The petition for habeas corpus is granted and the petitioner is ordered free from all restraint by the state as a consequence of the sentences imposed on July 15, 1968.

*Carmine A. Rao,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.