## STATE

v.

## Kenneth B. STUDMAN and Harry Benevides.

### Nos. 82–106–C.A., 83–212–C.A.

Supreme Court of Rhode Island.

Dec. 15, 1983.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief Appellate Div., for defendants.

Dennis J. Roberts II, Atty. Gen., Frederick C.B. Smyth, Sp. Asst. Atty. Gen., for plaintiff.

## OPINION

WEISBERGER, Justice.

These cases come before us on a challenge by both defendants to the imposition of consecutive sentences as a result of revocation of their probationary status and removal of suspension from sentences previously imposed. Neither defendant challenges the adjudication of violation of his probationary status. Since both cases involved the same issue of law, they were consolidated for purposes of this appeal. We sustain the appeals and remand for entry of new sentencing judgments. The facts of the cases insofar as they are pertinent to this appeal are as follows.

On December 1, 1980, Kenneth B. Studman (Studman) appeared before a justice of the Superior Court and pleaded nolo contendere to two counts of uttering and publishing. The justice sentenced Studman to a three-year suspended sentence with three years' probation on each count. The justice specified that the sentences were to run concurrently. On June 5, 1981, Studman appeared before another justice of the Su-

perior Court and pleaded nolo contendere to another charge of uttering and publishing. The second justice sentenced Studman to imprisonment for two years and suspended the sentence, further providing for a period of three years' probation. The second justice did not specify whether the probationary period was to run concurrently or consecutively to the period previously imposed by the first justice. He further did not specify whether the suspended prison term was to run concurrently or consecutively with the sentence previously imposed by the first justice in the event that such sentence was ever executed.

On August 18, 1981, Studman was presented as a violator of both suspended sentences before a third justice of the Superior Court. After hearings thereon over a period of several days, the third justice found on November 17, 1981 that Studman had violated the conditions of his probation in respect to both suspended sentences, removed the suspension relating to both, and further ordered that Studman serve the two-year sentence consecutively to the former three-year sentence, for a total of five years' imprisonment. On December 3, 1981, arguments were presented to the third justice on a motion filed by defendant to clarify the sentence of November 17, 1981. At that hearing defendant objected to the execution of the sentences consecutively. The challenge was rejected, and on December 3, 1981, defendant filed a notice of appeal.

On January 19, 1981, Harry Benevides (Benevides) was sentenced by a justice of the Superior Court to five years' imprisonment of which three years were suspended. On March 12, 1981, Benevides appeared before a second justice of the Superior Court and was sentenced to three years' imprisonment of which two years were suspended. On May 5, 1981, Benevides appeared before a third justice of the Superior Court and

was sentenced to five years' imprisonment of which three were suspended. On November 30, 1981, Benevides appeared before a fourth justice of the Superior Court and was sentenced to five years' imprisonment of which three were suspended.[1] On March 24, 1983, Benevides appeared before a fifth justice of the Superior Court and was adjudicated a violator of the four previously imposed suspended sentences. The justice removed all suspensions and ordered Benevides to serve each sentence consecutively, for a total of eleven years' imprisonment. In each instance the justice who imposed the suspended sentence did not provide that the period of probation or the suspended portion of the sentence, if executed, should be served consecutively. Indeed, in two instances, the sentencing justices expressly made the sentences concurrent with sentences that Benevides was then serving.

In *Pelliccia v. Sharkey,* 110 R.I. 319, 292 A.2d 862 (1972), this court was confronted with a similar problem. A sentencing justice imposed two suspended sentences for separate charges but did not state whether they were concurrent or consecutive. Thereafter, another justice of the Superior Court adjudicated the defendant to be a violator of probationary status in respect to each of the suspended sentences and ordered that the defendant serve both sentences consecutively. This court has recognized the principle that "when two or more sentences to be served in the same institution are imposed at the same time, such sentences run concurrently unless expressly ordered otherwise." *Id.* at 322, 292 A.2d at 864. The court further held that "when two or more sentences are not expressly stated as being consecutive, the presumption is that they were imposed to be served concurrently." *Id.* at 323–24, 292 A.2d at 865 (citing *In re Radovich,* 61 Cal. App.2d 177, 142 P.2d 325 (1943), and *In re*

---

1. On January 19, 1981, Benevides pleaded nolo contendere to a charge of breaking and entering a dwelling without consent of the owner. On March 12, 1981, Benevides pleaded nolo contendere to a charge of entering a dwelling house with intent to commit larceny. On May

5, 1981, Benevides pleaded nolo contendere to a charge of possession of a stolen motor vehicle. On November 30, 1981, Benevides pleaded nolo contendere to a charge of entering a dwelling with intent to commit larceny.

**920**

*Breton,* 93 Me. 39, 44 A. 125 (1899)). The court went on to hold that the intention of the justice who originally imposed the suspended sentences is controlling and that the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination. *Id.* at 323, 292 A.2d at 865.

■ We are of the opinion that the principles enunciated in *Pelliccia v. Sharkey, supra,* are controlling in respect to the cases at bar.[2] In each instance the sentencing justice in the cases before us was aware of and took into account the prior sentences that had been imposed upon each defendant. In no instance did the sentencing justice expressly provide that the sentences should be served consecutively in the event of revocation. Any distinction based upon the fact that different judges imposed these suspended sentences for different charges at different times has no persuasive effect. Whether a sentencing justice imposes several sentences at the same time or is aware of prior sentences imposed by another justice, he or she is in the position to exercise the choice of imposing consecutive or concurrent sentences. That choice under the principle of *Pelliccia* is thereafter binding upon the justice who later revokes the suspension.

For the reasons stated, the appeals of both defendants are hereby sustained. The cases may be remanded to the Superior Court with directions to enter judgments providing that all sentences executed upon both defendants shall be served concurrently.

2. The state points out cases from other jurisdictions which conclude that sentences are not presumptively concurrent; *e.g., King v. Maxwell,* 173 Ohio St. 536, 184 N.E.2d 380 (1962); *Anderson v. Brown,* 117 Ohio St. 393, 159 N.E. 372 (1927). Although we concede the existence of such authorities, we are not persuaded to overrule our holding in *Pelliccia v. Sharkey,* 110 R.I. 319, 292 A.2d 862 (1972). Similarly, we are aware that in *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979), the Court of Appeals of Maryland held that upon an adjudication of revocation of probation, the revoking judge has the power, in his discretion, to provide that the

sentences thus executed may be served consecutively to a sentence previously imposed. We are not persuaded to depart from our rule in *Pelliccia* by the rationale of this position. In many instances, suspended sentences may be imposed as a result of a plea agreement recommended by counsel for the prosecution and the defense. Such a plea agreement may well provide at the time of sentencing for concurrent terms of sentence and probation. To allow these concurrent terms to be later converted into consecutive executions would set such plea agreements at naught.