JOURNAL ENTRY AND OPINION
{¶ 1} Timothy Newell has filed a petition for a writ of habeas corpus. Newell contends that "he is being unlawfully restrained of his liberty" as the result of the improper sentences of incarceration as imposed by the trial court in State v. Newell, Cuyahoga County Court of Common Pleas Case Nos. CR-040130 and CR-040174. For the following reasons, we decline to issue a writ of habeas corpus on behalf of Newell.
 {¶ 2} Initially, we find that Newell's petition is procedurally defective. Any person that is incarcerated or held in detention, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five years in either state or federal court. R.C. 2969.25(A); State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas, 94 Ohio St.3d 210,2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty.Clerk of Courts, 92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 594. In addition, Newell has failed to comply with R.C. 2969.25(C), which mandates a statement of the balance of his prison account, as verified by the institutional cashier, for each of the preceding six months.State ex rel. Grissom v. McGookey, 108 Ohio St.3d 491, 2006-Ohio-1506,844 N.E.2d 841; State ex rel. Pamer v. Collier, 108 Ohio St.3d 492,2006-Ohio-1507, 844 N.E.2d 842; State ex rel. Thacker v. Walton, Lawrence App. No. 05CA6, 2005-Ohio-793.
 {¶ 3} Finally, habeas corpus may not be employed as a mode of redress, where the petitioner has been convicted of a criminal offense, and sentenced to imprisonment by a court of competent jurisdiction. In reCopley (1972), 29 Ohio St. 2d 35, 278 N.E.2d 358; Ex parte VanHagan (1874), 25 Ohio St. 426. Any claimed errors must be addressed through an appeal or postconviction relief. Thomas v. Huffman,84 Ohio St.3d 266, 1998-Ohio-540, 703 N.E.2d 315; State ex rel. Massie v.Rogers, 77 Ohio St.3d 449, 1997-Ohio-258, 674 N.E.2d 1383; Stahl v.Shoemaker (1977), 50 Ohio St.2d 351, 364 N.E.2d 286.
 {¶ 4} Accordingly, we decline to issue a writ of habeas corpus on behalf of Newell. Costs to Newell. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Petition denied.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR