DECISION
Before this Court is George Bouffard's ("Defendant's") motion pursuant to Super. R. Crim. P. 35 ("Rule 35"), [1] seeking release from what he characterizes as either an illegal sentence or a sentence imposed in an illegal manner. For the reasons set forth below, this Court grants Defendant's Rule 35 motion as it applies to the sentence imposed in case number P2-1997-3061A. However, this Court orders Defendant committed to the Adult Correctional Institutions ("ACI") to serve seven years on case number P2-2000-2368A, with this sentence made retroactive to the date Defendant was first incarcerated on the 2006 violation. Jurisdiction is pursuant to G.L. 1956 §§ 8-2-15, 12-19-9, and Rule 35.
 Facts and Travel
After a review of the facts proffered and consideration of the arguments presented in memoranda and oral argument, this Court makes the following findings of fact. On *Page 2 
September 23, 1991, Defendant entered pleas of nolo contendere to charges of aiding and abetting and conspiracy in case number P2-1991-1454A. The Court imposed the following sentences to run concurrently: (1) fifteen years incarceration with six years to serve and nine years suspended with nine years of probation for count one charging Defendant with aiding and abetting; and (2) ten years incarceration with six years to serve and four years suspended with four years of probation for count two charging Defendant with conspiracy. Since the Court ordered these sentences to run concurrently, Defendant faced a maximum incarceration of fifteen years.
The Defendant completed his term of incarceration on case number P2-1991-1454A and was released from the ACI in April of 1997. However, Defendant was subsequently arrested and charged with breaking and entering into a dwelling on July 26, 1997. As a result, the State filed a motion for revocation of probation as to case number P2-1991-1454A pursuant to Super. R. Crim. P. 32(f) ("Rule 32(f")).[2] On September 12, 1997, Defendant offered one plea of nolo contendere on case number P2-1997-3061A arising from the breaking and entering incident that occurred on July 26, 1997. After accepting this plea, the Court imposed the following sentence: ten years incarceration with three years to serve and seven years suspended with seven years of probation. Significantly, the sentence imposed on September 12, 1997 on case number P2-1997-3061A did not contain any language indicating that it was to run concurrently with or consecutively to any other sentence, including the sentence imposed in P2-1991-1454A. *Page 3 
At the time of the plea in case number P2-1997-3061A, the Superior Court justice continued Defendant on the same sentence imposed in case number P2-1991-1454A. The Defendant was confronted with a potential maximum often years of incarceration on case number P2-1997-3061 A.
After the Defendant completed his time to serve on case number P2-1997-3061 A, he was released from the ACL. However, on June 21, 2000, Defendant was once again arrested and charged with breaking and entering into a dwelling. As a result, on or about July 18, 2000, the State filed a motion for revocation of probation as to both P2-1991-1454A and P2-1997-3061A pursuant to Rule 32(f). Thereafter, a justice of the Superior Court found Defendant to be a violator of the sentence imposed on P2-1991-1454A and ordered the suspension removed from count one of that sentence, thereby committing Defendant to serve six years of the nine year suspended sentence remaining in that case.
With regard to case number P2-1997-3061 A, which was also listed on the State's Rule 32(f) notice, the hearing justice continued Defendant on the same sentence, thereby leaving the remaining seven-year suspended sentence intact. As will be made clear, it is this particular action that Defendant alleges is problematic at this time.
As to the incident of breaking and entering giving rise to the June 21, 2000 probation violation, Defendant originally offered a plea of not guilty on case number P2-2000-2368A. After receiving six years as a violator, the new case was continued for trial. However, Defendant subsequently changed his mind and was allowed to withdraw his plea and offer a plea of nolo contendere to this charge. On October 9, 2001, the Court accepted Defendant's plea and sentenced him as follows: fifteen years incarceration with six years to serve and nine years suspended with nine years of probation. Significantly, *Page 4 
there is no indication that this particular sentence was concurrent with or consecutive to any other sentence. By its own terms, the probationary period of this particular sentence was set to expire on October 9, 2016.
Upon his release from the ACI, Defendant was again arrested and charged with breaking and entering on July 1, 2006. On or about July 5, 2006, the State filed a motion for revocation of probation as to case number P2-1997-3061A and case number P2-2000-2368A pursuant to Rule 32(f). Defendant received a hearing on the issue of whether he failed to keep the peace and remain of good behavior before a magistrate of the Superior Court. On December 13, 2006, upon a finding that Defendant had violated the terms of his probation, the magistrate removed the suspended sentence in case number P2-1997-3061 A, thereby committing Defendant to serve all seven years of the suspended sentence in that particular case. The magistrate continued Defendant on the same sentence with regard to the other case on which he was presented as a violator, namely, case number P2-2000-2368A.[3]
Following the magistrate's removal of the suspension in case number P2-1997-3061A, Defendant filed a motion pursuant to Rule 35, asking this Court to correct what he now characterizes as an illegal sentence or, in the alternative, a sentence imposed in an illegal manner. A review of the official docket sheet in case number P2-1997-3061A *Page 5 
indicates that Defendant first filed his motion on July 2, 2007. It was continued numerous times while Defendant's appeal was pending in the Supreme Court and also thereafter once the Supreme Court affirmed the magistrate's adjudication of probation violation. This Court is satisfied that Defendant's Rule 35 motion is timely.[4]
 Issue for Consideration
The Defendant argues that when the Superior Court hearing justice revoked the suspended sentence in P2-1991-1454A and imposed a six year term of incarceration for violation of probation, that hearing justice or the Attorney General also should have ensured that this same six year period of time was taken off the sentence imposed in P2-1997-3061A at the same time. The Defendant maintains that this arithmetic should have been performed because the sentence in P2-1997-3061A was running concurrently with the sentence in P2-1991-1454A. The Defendant asserts that once the six years of incarceration imposed by the Superior Court hearing justice had ended, Defendant would be left with only one year suspended with one year probation remaining for case number P2-1997-3061A. Thus, it is Defendant's contention that the magistrate, in effect, imposed a consecutive sentence of seven years to serve in addition to the six years that he had already served, thus violating the terms of his original sentence.[5] In turn, the State argues that the magistrate was free to impose the entire seven year suspended sentence in case number P2-1997-3061A at any time during the course of probation. *Page 6 
While this Court agrees with Defendant's contention that timeshould have been deducted from the sentences imposed in both P2-1991-1454A and P2-1997-3061 A — particularly since Defendant was presented as a violator of both sentences in the State's Rule 32(f) motion for revocation of probation — the operative question is whether the time imposed on P2-1991-1454A must be simultaneously deducted from P2-1997-3061 A.
 Analysis Illegal Sentence
When reviewing the sentence of a defendant who has violated his or her probation, the Court may "remove the suspension and order the defendant committed on the sentence previously imposed, . . . or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper." See G.L. 1956 § 12-19-9 (Emphasis added.) However, the Court may not impose a sentence greater than that which was originally imposed and suspended. See State v. Heath, 659 A.2d 116 (R.I. 1995) (holding that trial justice at violation hearing did not possess statutory power to amend or decrease sentence as originally imposed and was bound by the terms of that sentence). This is because "the intention of the justice who originally imposed the suspended sentence is controlling and . . . the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination."State v. Studman, 468 A.2d 918, 920 (R.I. 1986). Accordingly, this Court does not possess the statutory power under § 12-19-9 to extend the original sentence previously imposed, see State v. Chabot, 682 A.2d 1377
(R.I. 1996), just as the Court lacks authority to "extend [a] defendant's probation period beyond that which was originally imposed by the sentencing justice." State v. Traudt, 679 A.2d 330, 331 (R.I. 1996). *Page 7 
The Defendant argues that if the six year term imposed by the hearing justice on P2-1991-1454A had also run concurrently against P2-1997-3061 A, this would leave only one year of a seven year suspended sentence remaining on P2-1997-3061 A. The Defendant continues that by imposing seven years against the 1997 sentence on December 13, 2006 (on the violation triggered by Defendant's July 1, 2006 arrest for breaking and entering into a dwelling), Defendant will, in effect, serve thirteen years for a seven year suspended sentence, thus making it an illegal consecutive sentence.
The Reporter's Notes for Rule 35 provide, in pertinent part:
 For purposes of this rule, an "illegal sentence" is one which has been imposed under a valid conviction but is not authorized under the law. It includes e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, or a judgment that does not conform to the oral sentence. See 2 Charles A. Wright et al., Federal Practice and Procedure, at 552-53 (1969).
 Superior Court Precedent
The Defendant directs the Court's attention to the decision rendered in State v. Rioux, 1999 WL 284877 (R.I.Super. 1999). InRioux, the Court vacated its own earlier decision to impose seven years of incarceration against P2-1990-0670A on a finding of violation on January 15, 1997, instead imposing only three years against that sentence. In arriving at his decision, the justice concluded that some four years of incarceration had already run against P2-1990-0670A since the sentence was imposed on February 16, 1990. It is noteworthy that on February 16, 1990, the justice imposed sentences on two separate cases at the same time. In case P2-1990-0669A, he imposed a sentence of (1) three years incarceration with one year to serve and two years suspended with probation on count one; (2) five years incarceration with one year to serve and four years suspended *Page 8 
with probation on count two; and (3) five years incarceration with one year to serve and four years suspended with probation on count three.Significantly, the justice imposed sentence on P2-1990-0670A at the same time imposing seven years incarceration with no years to serve and seven years suspended with probation and ordered the sentences to runconcurrently. (Emphasis added.) As authority for his action inRioux, the justice relied on our Supreme Court's decisions in State vStudman, 468 A.2d 918 (R.I. 1983) and Pelliccia v. Sharkey,110 R.I. 319, 292 A.2d 862 (1972), wherein our Supreme Court held that "in the absence of a statute to the contrary, when two or more sentences to be served in the same institution are imposed at the same time, such sentences run concurrently unless expressly ordered otherwise."Pelliccia, 110 R.I. at 322, 292 A.2d at 864.
Significantly, in Studman, our Supreme Court appeared to expand the holding in Pelliccia. Whereas in Pelliccia the sentencing justice imposed two sentences to be run concurrently on the same day,Pelliccia, 110 R.I. at 323, 292 A.2d at 865, Studman dealt with two distinct sentences imposed on two distinct dates by two different justices of the Superior Court.[6] Studman, 468 A.2d at 918-919. Thereafter, on August 18, 1981, defendant Studman was presented as a violator of both previously imposed sentences and on November 17, 1981, a different justice of the Superior Court imposed the time to serve on each of the prior sentences consecutively. Id. at 919. Our Supreme Court, after due consideration of precedents from other jurisdictions, was of the opinion that "the principles enunciated in Pelliccia v.Sharkey are controlling" in respect to the Studman case and further noted that "any distinction based upon the fact that different judges *Page 9 
imposed these suspended sentences for different charges at different times has no persuasive effect." Id. at 920. The Studman Court went on to elaborate:
 [W]hether a sentencing justice imposes several sentences at the same time or is aware of prior sentences imposed by another justice, he or she is in the position to exercise the choice of imposing consecutive or concurrent sentences. That choice under the principle of Pelliccia is thereafter binding upon the justice who later revokes the suspension. Id., at 920.
Based on the foregoing, it appears that when Defendant was presented as a violator of both P2-1991-1454A and P2-1997-3061A in July of 2000, the six years to serve imposed on the 1991 sentence should properly have been imposed against the 1997 sentence. It follows that when the magistrate adjudicated Defendant in violation of his probation on case number P2-1997-3061A in December of 2006, only one year of the suspended sentence on the 1997 sentence remained because of the six years imposed on the 1991 sentence. Accordingly, this Court finds that the seven years to serve imposed on case number P2-1997-3061A constitutes an illegal sentence, as the magistrate had the option of imposing only one year of incarceration on that particular sentence.
 Sentence Imposed in an Illegal Manner
In the alternative, Defendant argues that the hearing justice's failure to run the April 27, 2001 imposition of six years to serve on the violation of P2-1991-1454A simultaneously against P2-1997-3061A,in conjunction with the hearing magistrate's imposition of seven years to serve in December of 2006 on the violation against P2-1997-3061A, amounts to, at a minimum, a sentence imposed (by the magistrate in December of 2006) in an illegal manner. However, this Court's authority to correct the sentence must be exercised within one hundred and twenty days "after the sentence is imposed, or *Page 10 
within one hundred and twenty days after receipt by the court of a mandate by the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal. . . ." See Rule 35. As this Court has previously stated, Defendant's Rule 35 motion was timely filed.
The Reporter's Notes to Rule 35 provide in pertinent part that:
 a sentence illegally imposed is one that does not conform to the procedures required by these rules for imposition of sentence — for example, failure to accord a defendant his right of allocution under Rule 32. The provision permitting reduction of a valid sentence is intended to provide the court with an opportunity during a limited period after sentencing to exercise leniency in the event that the court, for some reason, determines that the sentence imposed was unduly severe or a shorter sentence would be desirable.
Given the demonstrated consequences of a failure to apply any time to serve against all of the sentences upon which Defendant had been presented as a violator, [7] as well as the requirements ofStudman and Pelliccia, supra., this Court finds that the six years previously imposed against the sentence imposed in case number P2-1991-1454A must also be applied to the sentence imposed in case number P2-1997-3061 A, leaving only one year to serve on the 1997 sentence. Since the Defendant is still imprisoned some twenty-eight (28) months after the magistrate sentenced him in December of 2006 to serve the full seven years of the suspended sentence imposed on case number P2-1997-3061 A, this Court agrees that under Defendant's alternate theory, this amounts to a sentence imposed in an illegal manner. However, the analysis under either of Defendant's theories does not end here. *Page 11 
 Re-bundling of Defendant's Sentence
Re-bundling occurs when one or more components of a defendant's sentence are held to be illegal and the hearing justice thereafter corrects the entire sentencing package in order to effectuate the original sentencing intent. See State v. Goncalves, 941 A.2d 842, 847
(R.I. 2008) (quoting United States v. Martenson, 178 F.3d 457, 462
(7th Cir. 1999)) (emphasis in original.).
"When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free . . . to reconstruct the sentencing architecture . . . within applicable constitutional and statutory limits . . . to ensure that the punishment still fits both crime and criminal." Goncalves, 941 A.2d at 847-848
(quoting U.S. v. Pimienta-Redondo, 874 F.2d 9, 14 (1st
Cir. 1989) (en banc)). This Court may, "[in] correc[ting] an illegal sentence pursuant to Rule 35(a) . . . correct the entire initial sentencing package to preserve the originally intended sentencing scheme, so long as the corrected sentence does not exceed the sentence originally imposed." Id. Since this Court concludes that the magistrate's sentence was either illegal or imposed in an illegal manner as it related to case number P2-1997-3061 A, this Court now must exercise its authority pursuant to Rule 35 to re-bundle Defendant's sentence consistent with the intent of the hearing magistrate.
 Sentencing on Violation in General
This Court is mindful that a hearing justice or magistrate, in arriving at the appropriate sentencing package for any defendant found in violation of his or her probation, possesses "wide latitude in deciding whether a probation violator's suspended *Page 12 
sentence should be removed in whole, in part, or not at all." State v.Christodal, 946 A.2d 811, 817 (R.I. 2008) (citing State v. Tucker,747 A.2d 451, 454 (R.I. 2000)). For example, the hearing justice may properly consider the defendant's previous contacts with law enforcement, his or her record of conviction for other offenses, and the number of times that the defendant has appeared before a justice or magistrate of the Superior Court as a violator of his or her probation.See Christodal, 946 A.2d at 815.
In Christodal, the defendant had been charged with three counts, including malicious injury to property, disorderly conduct, and simple assault as a basis for the Superior Court violation. Id. at 812. Evidence adduced at the violation hearing before the Superior Court justice demonstrated that the defendant had been involved in a confrontation with several teenagers, challenged some of them to a fight, and had thrown a handful of rocks at one while standing some five to ten feet away. Id. at 813. The evidence further demonstrated that some of the rocks missed the intended target and hit a car window, while other rocks struck one of the complaining witnesses in the back of her head causing several "bumps" in the affected area. Id.
At the time of the violation hearing, the defendant inChristodal had nine years of probation and suspended sentence exposure on his previous sentence. Id. at 815. While the State recommended three years to serve after the hearing justice found a violation, the hearing justice imposed five years to serve after seriously considering imposing the entire nine years. Id. Factors considered by the hearing justice in arriving at his decision included the fact that the defendant had some thirty contacts with law enforcement and some thirteen convictions on his record. Id. The hearing justice was also aware of the fact that the incident was not the first time that the defendant had appeared before the *Page 13 
Superior Court as an alleged violator. Id. Furthermore, the hearing justice also gave some weight to the gravity of the offense, noting that the potential for great harm was present. Id.
This Court is also mindful that even where the new charge that triggers a violation hearing is subsequently dismissed, a hearing justice or magistrate is not precluded from finding that the defendant has failed to keep the peace and be of good behavior on the day that the violation hearing occurs. See State v. Jackson, 966 A.2d 1225 (R.I. 2009). A sentence imposed on a violation where the new charge is later dismissed will still be upheld on appeal if otherwise proper.[8] InJackson, the hearing justice's decision to impose seven years of incarceration on the Superior Court violation was upheld as within his discretion, notwithstanding the fact that the new misdemeanor charge of simple assault that served as the basis of the violation was later dismissed because the complaining witness "preferred not to go forward."Id. at 1228. The complaining witness testified at the violation hearing and that testimony factored into the hearing justice's finding of violation. Id. at 1226. *Page 14 
Once the hearing justice found violation, the State urged the hearing justice to require that the defendant serve his entire ten year suspended sentence based upon the severity of his prior criminal activity and his extensive criminal history in Massachusetts that included a 1991 sentence for assault with intent to murder, a 1986 larceny, and simple assaults. Id. at 1228. Despite the State's request, and even though defense counsel had presented little mitigating information about the defendant, the hearing justice imposed a sentence of seven years to serve.
 Factors Related to Re-bundling in the Instant Case
In the instant matter, the magistrate would have been aware of Defendant's voluminous criminal history by virtue of the conferences that normally occur on the daily criminal calendar as well as the criminal history attached to the Rule 32(f) Notice of Violation. When Defendant was arrested on July 1, 2006, he had had numerous prior encounters with law enforcement. The Defendant's criminal record stretches back to February 22, 1979 and includes convictions ranging from possession of a stolen motor vehicle and assaulting a uniformed police officer to robbery and violation of a protective order.
Most relevant for any hearing justice or magistrate are previous convictions for the same or similar offenses. Here, Defendant had been previously convicted of seven other counts of breaking and entering between 1979 and 2006. While our Supreme Court ultimately found that the hearing magistrate was justified in finding that Defendant had failed to keep the peace, Defendant now asks this Court to reconsider the seven years to serve originally imposed by the magistrate in light of the State's dismissal of the July 1, *Page 15 
2006 charge of breaking and entering into a dwelling. The Defendant argues that given the fact that the breaking and entering into a dwelling was later dismissed by the State before trial, this Court, in hindsight, should reconsider the magistrate's imposition of seven years to serve on P2-1997-3061A "within applicable constitutional and statutory limits . . . to ensure that the punishment still fits both crime and criminal." State v. Goncalves, 941 A.2d 842, 847-848 (R.I. 2008). The Defendant maintains that since only one year remained on P2-1997-3061A at the time he was sentenced in December of 2006, and since Defendant has already served more than one year, this Court should set Defendant free.
Re-bundling, however, allows the Court to review the entire sentencing package in order to "preserve the intent of [the] original sentencing scheme." Goncalves, 941 A.2d at 848. This process would normally involve remanding the case to the hearing justice or magistrate who originally imposed the sentence to "modif[y] his [or her] order appropriately . . . [and] in accordance with his [or her] original plan. . . ."Id. Unfortunately, the magistrate who imposed the seven year sentence in December of 2006 has since retired from the bench, making this option unavailable to this Court. This Court is now left with the sensitive task of fashioning a new sentence that conforms to the original sentencing intent of the hearing magistrate.
The Defendant was originally presented as a violator of two distinct sentences in July of 2006. The State filed a motion for revocation of probation as to case number P2-1997-3061A and case number P2-2000-2368A pursuant to Rule 32(f). The sentence in case P2-2000-2368A appeared to run to October 9, 2016, leaving Defendant with at least nine possible years of exposure on that particular sentence at the time he was presented as *Page 16 
a violator in 2006. The Defendant previously had been convicted of seven other counts of breaking and entering between 1979 and 2006. Given the wide latitude afforded a justice or magistrate who sentences a defendant upon a finding of violation, and given Defendant's criminal record at the time of sentencing in 2006, this Court is reluctant to second-guess a magistrate with many years of experience hearing and deciding criminal matters.
Having reviewed the entire sentencing package and the State's filing of a Rule 48 A dismissal motion as to the newest charge of breaking and entering into a dwelling on April 3, 2007, this Court will exercise its Rule 35 authority to achieve the same result that was originally intended by the hearing magistrate — seven years to serve. As of December 13, 2006, Defendant had a nine year suspended sentence with nine years probation on case number P2-2000-2368A. Accordingly, this Court revokes a seven year portion of the nine year suspended sentence in case number P2-2000-2368A and imposes seven years of incarceration on that case. The balance of Defendant's sentence in that case will remain in full force and effect (on case P2-2000-2368A) upon his release and Defendant will be given credit for all time served since he was first incarcerated for the violation
Counsel shall prepare and submit an appropriate Order for entry in accordance with this decision.
[1] Rule 35 reads, in pertinent part: "The court may correct an illegal sentence at any time." The Reporter's Notes to Rule 35 define an illegal sentence as "one which has been imposed after a valid conviction but is not authorized under law. It includes, e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence." Our Supreme Court has defined an illegal sentence as "one that is not authorized by the statute establishing the punishment that may be imposed for the particular crime or crimes." State v. Texieira,944 A.2d 132, 143 (R.I. 2008) (citing State v. Murray, 788 A.2d 1154, 1155 (R.I. 2001)). The Supreme Court has also adopted the language contained in the Reporter's Notes. See State v. Elliot, 899 A.2d 520, 521 (R.I. 2006).
[2] Rule 32(f) reads, in pertinent part:
 The court shall not revoke probation or revoke a suspension of sentence . . . except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. . . . Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision of Rule 32.
[3] The Defendant appealed to our Supreme Court from the magistrate's adjudication of probation violation, alleging, that the magistrate who presided over the adjudication did not have authority to do so and also that there was insufficient evidence to support a finding that he violated the terms and conditions of his probation. State v.Bouffard, 945 A.2d 305, 306 (R.I. 2008). The Court, in upholding the magistrate's determination that Defendant violated his probation, reaffirmed that "[t]he burden of proof [in a probation violation hearing] is much lower than that which exists in a criminal trial — the State need only show that `reasonably satisfactory' evidence supports a finding that the defendant has violated his or her probation." Id. at 310 (citing State v. Forbes, 925 A.2d 929, 934 (R.I. 2004)). However, the State, perhaps realizing that it could not prove the charged offense beyond a reasonable doubt, subsequently filed a motion to dismiss the charge pursuant to Super. R. Crim. P. 48A ("Rule 48A"), thereby terminating the prosecution. The State's Rule 48A dismissal motion was filed on April 3, 2007.
[4] Rule 35 provides that the Court "may correct a sentence imposed in an illegal manner . . . when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal. . . ." Rule 35 further provides that the Court "may correct an illegal sentence at any time."
[5] The Defendant argues that since he served the entirety of the sentence imposed in case number P2-1997-3061A on September 12, 2007, he is being illegally incarcerated at the ACI.
[6] It is noteworthy that Studman was consolidated with State v.Benevides, Supreme Court appeal No. 83-212 C.A., for decision, as both cases involved the same issue of law. The sentences imposed against Mr. Studman were imposed on December 1, 1980 and June 5, 1981, respectively.Studman, 468 A.2d at 918-919. There were three distinct sentences imposed against Mr. Benevides. Id. at 919.
[7] This Court looks to those sentences that are apparent on the face of the Rule 32(f) notice in making that determination.
[8] There are nuances related to this issue. G.L. 1956 § 12-19-8 is implicated if a defendant is sentenced to incarceration for violation of a deferred sentence. That section reads, in pertinent part:
 Whenever any person has been sentenced to incarceration for violation of a deferred sentence by reason of the alleged commission of a felony and the grand jury has failed to return any indictment or an information has not been filed on the charge which was specifically alleged to have constituted the violation of the deferred sentence, the sentence to incarceration for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed, and incarceration shall be immediately terminated, and the deferred sentence shall have same force and effect as if no sentence to incarceration had been imposed.
In 2008, the General Assembly purported to amend the above statute to include violations of both suspended sentences or probationary periods.See 2008 H7495 sub A. However, the bill was vetoed by the Governor on July 1, 2008. In 2009, a similar House bill — 2009 H5050 — was held for further study on May 4, 2009 by the House Committee on the Judiciary. A similar Senate bill — 2009 S0086 — has not been heard in the Senate Committee on the Judiciary as of April 20, 2009. *Page 1