[Cite as *State ex rel. Hudson v. Sutula*, 2011-Ohio-4644.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96705

STATE OF OHIO, EX REL.
WILLIAM HUDSON

RELATOR

vs.

JUDGE JOHN D. SUTULA, ET AL.

RESPONDENTS

JUDGMENT:
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 444515
Order No. 447016

RELEASE DATE: September 14, 2011

**FOR RELATOR**

William Hudson, pro se
Inmate No. 523-118
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶ 1}**   Relator, William Hudson, is the defendant in *State v. Hudson*, Cuyahoga Cty. Court of Common Pleas Case No. CR-478205, which has been assigned to respondent judge. Hudson complains that respondent judge "did not properly address the issue of allied offenses." Complaint, ¶5. He contends that the sentence is void. He requests that this court compel respondent judge and respondent court of common pleas to return him before that court, issue a "lawful sentence" and enter "a valid final judgment." Complaint, Ad

Damnum Clause.   For the reasons stated below, we deny Hudson's request for relief in mandamus and/or procedendo.

{¶ 2}   The requirements for mandamus are well-established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law.   Mandamus may compel a court to exercise judgment or discharge a function, but it may not control judicial discretion, even if that discretion is grossly abused.   Additionally, mandamus is not a substitute for appeal and does not lie to correct errors and procedural irregularities in the course of a case.   If the relator has or had an adequate remedy, relief in mandamus is precluded — regardless of whether the relator used the remedy.   *State ex rel. Smith v. Fuerst*, Cuyahoga App. No. 86118, 2005-Ohio-3829, at ¶4.

{¶ 3}   The criteria for relief in procedendo are well-established.   The relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate remedy in the ordinary course of the law.   See, e.g., *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, at ¶13.

{¶ 4}   Respondents have filed a motion to dismiss and argue that:   Hudson does not have a clear legal right to relief; respondents do not have a clear legal duty to perform the requested relief; and Hudson has or had an adequate remedy at law.

**{¶ 5}** In *State ex rel. Martin v. Russo*, Cuyahoga App. No. 96328, 2011-Ohio-3268, Martin sought relief in mandamus and argued "that the consecutive sentences for receiving stolen property and failure to comply are void because they involve allied offenses." Id. at ¶ 1. This court observed, however, that "allied offense claims and sentencing issues are not jurisdictional. Thus, they are properly addressed on appeal and not through an extraordinary writ. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44; *State ex rel. Dye v.. Alvis* (1949), 86 Ohio App. 137, 90 N.E.2d 416; *State v. Newell*, Cuyahoga App. No. 89016, 2007-Ohio-400; and *State ex rel. Oden v. Character* (Sept. 26, 1994), Cuyahoga App. No. 67734." Id. at ¶8 (footnote deleted).

**{¶ 6}** Likewise, in this action, Hudson argues that he is entitled to relief in mandamus and/or procedendo because respondent judge imposed consecutive sentences for attempted murder, felonious assault and having weapons while under disability. Yet, as *Martin* demonstrates, Hudson had an adequate remedy by way of an appeal to assert that he was convicted of allied offenses and to challenge the propriety of his sentence. As a consequence, relief in mandamus and/or procedendo is not appropriate.

**{¶ 7}** Additionally, Loc.App.R. 45(B)(1)(a) requires that a complaint in an original action be verified and supported by an affidavit specifying the details of the claims. "It is well-established that a relator's conclusory statement in an affidavit does not comply with the requirement of Loc.App.R. 45(B)(1)(a) that an affidavit specify the details of the claim.

Failure to do so is a basis for denying relief. See, e.g., *State ex rel. Castro v. Corrigan,* Cuyahoga App. No. 96488, 2011-Ohio-1701." *State ex rel. Wright v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 96397, 2011-Ohio-2159, at ¶4.

{¶ 8} Hudson's affidavit states, in part: "The statements contained in paragraph 1 through 11 in the Complaint/Petition for Writs of Mandamus and/or Procedendo are accurate representations of the actual events in the Relator's Criminal case[.]" Hudson Affidavit, ¶2 (capitalization in original). Hudson's affidavit does not contain any averments specifying the details of the claim. His failure to comply with Loc.App.R. 45(B)(1)(a) is a sufficient basis for denying relief.

{¶ 9} Accordingly, respondents' motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

---

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR